**Ronald Paul ADAMS, etc., et al., Plaintiffs,**

**United States of America, Plaintiff-Intervenor-Appellee,**

v.

**Nathan MATHIS et al., Defendants-Appellants,**

v.

**Roy L. THORNELL, State Fire Marshal, Defendant-Appellant.**

No. 78–2035.

United States Court of Appeals, Fifth Circuit.

March 17, 1980.

Drew S. Days, III, Asst. Atty. Gen., Civ. Rights Div., John B. Oakley, Barry E. Teague, U. S. Atty., Montgomery, Ala., Kenneth E. Vines, Asst. U. S. Atty., Dept. of Justice, Walter W. Barnett, Joan F. Hartman, Attys., Appellate Section, Civ. Rights Div., Dept. of Justice, Washington, D. C., for the U. S.

Charles H. Barnes, State Dept. of Ins., David E. Allred, Montgomery, Ala., for Roy L. Thornell, State Fire Marshal.

Before AINSWORTH and HENDERSON, Circuit Judges, and HUNTER,[*] District Judge.

PER CURIAM:

This class litigation was instituted by the filing of a pro se complaint alleging serious constitutional violations in the operation of the Houston County Jail in Dothan, Alabama. In March 1975 the Court granted the motion of the United States to intervene and subsequently certified a class of plaintiffs consisting of all inmates of the jail at any time since the suit was filed, as well as all future inmates to be confined in that facility.

The District Court found that the jail was seriously overcrowded, posed a health hazard, was psychologically debilitating to inmates, did not adequately protect inmates from harm, had no classification system, and did not adequately separate male and female inmates. The District Judge's order of extensive relief was commensurate in scope with that of the infirmities discerned.[1] *Williams v. Edwards*, 547 F.2d 1206 (5th Cir. 1977); *Newman v. Alabama*, 503 F.2d at 1320 (5th Cir. 1974). We affirm on the basis of the District Court's opinion at 458 F.Supp. 302.

AFFIRMED.

Robert S. Lamar, Jr., Montgomery, Ala., W. Scears Barnes, Jr., Alexander City, Ala., for defendants-appellants.

Joel M. Nomberg, Daleville, Ala., for Ronald Paul Adams.

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

1. Pursuant to court order, defendants have filed reports which reflect clear compliance with the specifics. The Fire Marshal argues that he has complied as precisely as possible, but seeks relief from the language which prohibits him, generally, from "depriving any member of the class of his or her constitutional rights." He argues persuasively that this language does not apprise him of the acts he is restrained from doing. Defendants may and should seek clarification from the district court.