Marvin COLEMAN, Plaintiff,

v.

CASEY COUNTY BOARD OF EDUCA-
TION, et al., Defendants-Appellants,

James B. Graham, et al.,
Defendants-Appellees.

No. 81–5424.

United States Court of Appeals,
Sixth Circuit.

Argued June 17, 1982.

Decided Aug. 24, 1982.

John W. Murphy, Jr., Liberty, Ky., for defendants-appellants.

Steven L. Beshear, Atty. Gen. of Ky., Robert L. Chenoweth, Deputy Atty. Gen., Patricia G. Walker, Asst. Public Advocate, Frankfort, Ky., for defendants-appellees.

Larry F. Sword, Somerset, Ky., for plaintiff.

Before LIVELY and KRUPANSKY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

KRUPANSKY, Circuit Judge.

This is an appeal from the Western District of Kentucky in which the appellants, the Casey County Board of Education, its Superintendent and Board Members (referred to collectively hereafter as "the Local Board"), urge reversal of the district court's order dismissing their cross-claim against James B. Graham, individually and as former Superintendent of Public Instruction and the Commonwealth of Kentucky, State Board for Elementary and Secondary Education (hereinafter collectively referred to as "the State Board"). The appellants' cross-claim sought contribution and indemnity from the appellees for amounts expended in defense and settlement of a civil rights suit.

The essential facts of this case are not in dispute. Marvin Coleman (Coleman) was employed by the Local Board for four years as a bus driver and teacher's aide. In 1978 his left leg was amputated. After receiving a prosthesis and rehabilitation he applied for re-employment with the Local Board but his application was denied because of a state administrative regulation, 702 KAR 5:080(1). That regulation provides, in pertinent part:

No person shall drive a school bus who does not possess both of these natural body parts: feet, legs.

On July 13, 1979 Coleman instituted suit in the district court contending that the regulation and the acts of the Local and State Boards violated § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), violated Coleman's rights to due process and equal protection under the 14th Amendment and deprived him of his rights as a third party beneficiary of a contract between the defendants and the Department of Health, Education and Welfare.

On March 26, 1980 the district court granted plaintiff's motion for partial summary judgment finding that the regulation conflicted with the Rehabilitation Act. The lower court held that the regulation was unenforceable and mandated Coleman's reinstatement.

On July 25, 1980 the plaintiff and the Local Board filed a stipulation in the district court wherein it was provided that the Local Board would rehire the plaintiff and award him $6,003.79 in back-pay. The district court approved the stipulation.

On November 25, 1980 the district court awarded attorneys' fees in the amount of $5,188.50, and on March 4, 1981 assessed payment of 80% of this sum to the State Board and 20% to the Local Board.

The March 4, 1981 order finally disposed of all issues cognizable under federal law joined before the lower court. The Local Board, however, thereafter moved the district court to amend its March 4, 1981 order to incorporate a ruling on a cross-claim the Local Board had filed on November 13, 1980. The Local Board's cross-claim asserted that, pursuant to state law, the Local Board was constrained to follow the dictates of the State Board and, but for the State Board's regulation, the Local Board would have re-hired Coleman and therefore avoided the instant litigation. Moreover, the Local Board alleged that the State Board had given assurances that the "full burden" of the litigation would be borne by the State Board. In the cross-claim the Local Board sought compensation for all expenses incurred in this action including, 1) the back-pay awarded to Coleman pursuant to settlement, 2) the Local Board's share of the award of attorneys' fees and 3) the Local Board's own attorneys' fees and expenses.

The district court granted the Local Board's motion to amend judgment and, on May 15, 1981, dismissed the cross-claim, without prejudice, finding that the claim was "inappropriate for a federal court." The Local Board appealed this dismissal.

The Court would observe initially that the Local Board's timely motion to amend judgment tolled the running of the time for appeal and nullified the State Board's notice of appeal which had been filed with respect to the lower court's March 4, 1980 order apportioning liability for attorneys' fees. Accordingly, this Court dismissed the State Board's appeal for lack of jurisdiction. *Coleman v. Casey County Board of Education*, 665 F.2d 1044 (6th Cir. 1981). In the appeal presently confronting the Court, no party contests the division of liability for attorneys' fees by the lower court and, in any event this Court finds no abuse of discretion in the district court's action in this regard. *See generally Harrington v. DeVito*, 656 F.2d 264 (7th Cir. 1981) *cert. denied* —— U.S. ——, 102 S.Ct. 1621, 71 L.Ed.2d 854, 3696 (1982); *United States v. Terminal Transport Co., Inc.*, 653 F.2d 1016 (5th Cir. 1981); *Dunten v. Kibler*, 518 F.Supp. 1146 (N.D.Ga.1981); *Adams v. Mathis*, 458 F.Supp. 302 (M.D.Ala.1978) *aff'd* 614 F.2d 42 (5th Cir. 1980) (per curiam); *Hartmann v. Gaffney*, 446 F.Supp. 809 (D.Minn.1977).

■ The basis of the Local Board's cross-claim, essentially one of contribution and/or indemnity, has never been specifically determined. It would appear, however, that the Local Board relies on state law as the substantive basis of its action.[1] According-

---

1. Thus, the Court need not decide whether a right to contribution exists under §§ 1981, 1983 or the Rehabilitation Act. Cf. *Northwest Airlines v. Transport Workers Union*, 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981) (No right to contribution under the Equal Pay Act or Title VII); *Texas Industries, Inc. v. Radcliff Materials*, 451 U.S. 630, 101 S.Ct. 2061, 68

**430**

ly, the Local Board's cross-claim is not independently within the jurisdiction of a federal court. However, because cross-claims, by definition, "aris[e] out of the transaction or occurrence that is the subject matter of . . . the original action," they are within a federal court's ancillary jurisdiction.[2] *See e.g. Lasa Per L'Industria Del Marmo Socceta Per Azioni v. Alexander*, 414 F.2d 143 (6th Cir. 1969). Accordingly, even though an independent basis for jurisdiction is lacking, the federal court may adjudicate a cross-claim because of its relationship to the main action for which federal jurisdiction is proper. *See generally* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1433 (1971).

█ Thus, in the instant matter it was within the lower court's authority to adjudicate the Local Board's cross-claim. However, it is well-settled that ancillary jurisdiction, like the closely related doctrine of pendent jurisdiction, "is a doctrine of discretion, ·not of plaintiff's right." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Hence, the only issue presented herein is whether the lower court abused its discretion in declining to accept jurisdiction over the Local Board's cross-claim.

The Court would note in this regard that this issue was addressed under similar circumstances by this Circuit in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974), In *Ramey*, stockholders filed derivative actions against the corporation in which they held stock—the Cincinnati Enquirer, Inc.—and also against the "Scripps-Howard Group," the majority stockholder of the Cincinnati Enquirer, Inc. The Scripps-Howard Group filed a cross-claim against the Cincinnati Enquirer, Inc., seeking to recover attorneys' fees and other expenses incurred in the litigation. The lower court refused to accept jurisdiction of this cross-claim and this Court held that the

lower court's refusal was not an abuse of discretion.

The facts of the instant case warrant the same conclusion. The district court was properly concerned with the propriety of a federal court adjudicating a matter between a political subdivision of a state and the state agency with supervisory powers over that subdivision. Adjudication would necessitate resolution of complex questions of state law, apparently without the benefit of state.precedent. The refusal of the district court to undertake this perilous task was clearly not an abuse of discretion.

In accordance with the foregoing, the district court's order dismissing, without prejudice, the Local Board's cross-claim is hereby *Affirmed.*

L.Ed.2d 500 (1981) (No right to contribution under the antitrust laws). This issue is, of course, separate and distinct from the issue of a district court's authority to structure relief properly, including, as was done by the lower court in this case and approved herein, appor-

tioning attorney's fee awards under 42 U.S.C. § 1988. *See Northwest Airlines supra*, 451 U.S. at 93, n.28, 101 S.Ct. at 1581 n.28.

**2.** Rule 13(g), Fed.R.Civ.P.