UNITED STATES of America, Plaintiff,

v.

MECCA EXPORT CORP. and Investors Insurance Company of America, Defendants

and

INVESTORS INSURANCE COMPANY OF AMERICA, Third-Party Plaintiff

v.

MECCA EXPORT CORP., et al. Third-Party Defendants.

Court No. 85–5–00691.

United States Court of International Trade.

Oct. 3, 1986.

Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civ. Div. (Kenneth N. Wolf), New York City, for plaintiff.

Milton Reiss, New York City, for defendant Investors Ins. Co. of America and third-party plaintiff Investors Ins. Co. of America.

Grunfeld, Desiderio, Lebowitz & Silverman (Michael P. Maxwell), New York City, for third-party defendants Brach, Green, Fried and Granada Electronics, Inc.

## MEMORANDUM OPINION

CARMAN, Judge:

The question before the Court is whether the Court may continue to hear a cross-claim or third-party claim where the main action is terminated on non-jurisdictional grounds, even if the cross-claim or third-party claim does not satisfy the requirement of Federal subject matter jurisdiction. The Court holds that it may.

Plaintiff, United States, moves to sever and redesignate the lead portion of this action as Court No. 85-5-00691S, and to dismiss this redesignated portion. Third-party defendants Brach, Green, Fried and Granada Electronics, Inc. move to dismiss the third-party complaint against them. Third-party plaintiff, Investors Insurance Company of America (Investors) opposes both motions. There appears to be no motion seeking the dismissal of the cross claim by Investors against Mecca Export Corporation (Mecca), although third-party defendants indicate in their papers they believe there is no jurisdiction for the cross claim.

### Background

Plaintiff United States filed on May 21, 1985 its complaint alleging defendant Mecca failed to redeliver certain merchandise required and as a result was liable to pay $45,000 in liquidated damages arising from the breach of its entry bond. A second cause of action alleged defendant Investors was liable in a like amount as surety on defendant Mecca's bond. Defendant Investors, the surety, subsequently tendered to plaintiff United States all monies due in full satisfaction of plaintiff's claim.

Subsequent to the settlement of plaintiff's action, the surety defendant Investors filed a cross claim against its principal, defendant Mecca, and filed a third-party complaint against third-party defendants Brach, Green, Fried and Granada Electronics, Inc.

Plaintiff United States contends that since all of its claims have been satisfied in full and since it has no interest in the outcome of the third-party indemnity claim, it should be permitted to extricate itself from the action. Third-party defendants urge that the Court lacks jurisdiction over the claims against them since these claims were not filed until after the action had been rendered moot as a result of the settlement between plaintiff United States and the surety Investors. Further, third-party defendants contend that this Court lacks jurisdiction since the claims of the surety third-party plaintiff sound in contract on the surety bond and do not involve an international trade dispute.

### Discussion

Section 1583 of Title 28, United States Code provides:

§ 1583. Counterclaims, cross-claims and third-party actions

In any civil action in the Court of International Trade, the Court shall have exclusive jurisdiction to render judgment upon any counterclaim, cross-claim, or third-party action of any party, if (1) such claim or action involves the imported merchandise that is the subject matter of such civil action, or (2) such claim or action is to recover upon a bond or customs duties relating to such merchandise.

28 U.S.C. § 1583 (1982).

The legislative history pertaining to the section makes clear that Congress believed the administration of justice would be well served if the Court of International Trade entertained jurisdiction over cross-claims and third party actions arising out of a suit by the United States to recover on a bond.[1]

---

1. The House Report stated:

The terms of most customs bonds specify that the bond principal and the surety are jointly and severally liable to the United States. As introduced, H.R. 6394 did not permit the adjudication of the rights of all of the

The Court's remedial powers were broadened, authorizing the entry of money judgments against the United States as well as any other party on a counterclaim, cross-claim or third-party action in civil actions relating to import transactions.[2] Generally cross-claims in Federal District Courts under Rule 13(g) (Rule 13(f) of this Court) of the Federal Rules of Civil Procedure do not require independent grounds of federal jurisdiction. *Consolo v. Federal Maritime Commission,* 383 U.S. 607, 617 n. 14, 86 S.Ct. 1018, 1025 n. 14, 16 L.Ed.2d 131

(1966).[3] Indeed the treatment of cross-claims as part of the ancillary jurisdiction of the Court existed prior to the Federal Rules. *See, e.g., Republic Nat. Bank & Trust Co. v. Massachusetts Bonding & Ins. Co.,* 68 F.2d 445, 447–48 (5th Cir. 1934).[4] In *Hoosier Cas. Co. of Indianapolis, Ind. v. Fox,* 102 F.Supp. 214, 226–27 (1952), and quoted at 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1433 at 179, the court said:

> [I]t is evident that any claim which arises out of the transaction or occur-

interested parties involved in an action arising under proposed sections 1582(a)(2) and 1582(a)(3). For example, if a surety desired to seek reimbursement from the bond principal for a breach of contract, the surety would have to bring a separate civil action in State court or Federal district court.

The sureties stated that the administration of justice would be served best if the Court of International Trade was permitted to entertain cross-claims between the bond principal and the surety when both were named defendants in a section 1582(a)(2) or (a)(3) action. They also recommended that the court be given jurisdiction over third-party actions arising out of suits by the United States to recover on a bond or to recover customs duties. The inclusion of third-party action jurisdiction will protect both the bond principal and the surety when either is not named as a defendant in an action brought by the United States for recovery on a customs bond. Under their recommendation the authorization for cross-claims and third-party actions would be included in proposed section 1583. The sureties strongly believed that these changes will allow the Court of International Trade to fully adjudicate the rights of all interested parties and to develop a uniform body of law, particularly with regard to liability on a customs bond.

Since the hearings, members of the private bar have concurred in the recommendations made by the surety companies. Although there was no formal ABA position, ... [the] Chairman of the ABA's Standing Committee on Customs Law stated that:

> Such a procedure would contribute to the effectiveness of the judicial process, since it would permit the Court of International Trade to dispose of all claims arising out of the same underlying transaction in the one proceeding which it must conduct in any event.

The Justice Department also saw the logic in the principle that when a surety is sued by the United States, the surety should be entitled to bring its principal into the suit.

> In addition, several witnesses suggested it would be wholly consistent with the underlying purposes for establishing cross-claim and third-party procedures, as well as the expansion of the Government's right to counterclaim, to permit private litigants to assert a counterclaim.
>
> Accordingly, the Subcommittee further amended proposed section 1583 to authorize the assertion of any counterclaim, cross-claim or third-party action of any party, if (1) such claim or action involves the imported merchandise that is the subject of a civil action before the court, or (2) such claim or action is to recover on a bond or customs duties relating to such merchandise.

H.R.Rep. No. 96–1235, 96th Cong., 2d Sess. 37–38, *reprinted in* 1980 U.S.Code Cong. & Ad.News 3729, 3748–49.

2. As noted by the Honorable Peter W. Rodino: Previously, when the court rendered a decision in favor of an importer, the court returned the appropriate papers to the Customs Service with an order that the entry be reliquidated in accordance with the decision of the court. This had the effect of requiring a refund of customs duties to the importer. Rodino, *The Customs Court Act of 1980,* 26 N.Y.L.Sch.L.Rev. 459, 467 n. 56 (1981).

3. In *Consolo* an intervenor of right was permitted to interpose a cross-claim without independent jurisdictional grounds. In *Coleman v. Casey County Bd. of Educ.,* 686 F.2d 428 (1982), the district court's refusal to exercise jurisdiction over a local school board's cross-claim against a state board seeking indemnity and contribution for amounts expended in defense of a civil rights suit when adjudication would have necessitated resolution of complex questions of state law was held not to be an abuse of discretion. *Id.* at 430.

4. In *Republic Nat. Bank,* a diversity action brought by a surety, the court held that dependent jurisdiction existed only because and insofar as necessary to fully exercise jurisdiction on the main claim.

rence that is the subject matter of the main claim is regarded by the courts as being ancillary to the main claim and will be supported for federal court jurisdictional purposes by federal court jurisdiction of the main claim. . . . However, the fact that cross claims are permissive in character does not prevent them from being ancillary to the main claim. If they "arise out of the transaction or occurrence that is the subject matter" of the main claim, they are supported for federal court jurisdictional purposes by federal court jurisdiction of the main claim.

*Hoosier Cas. Co.,* 102 F.Supp. at 226–27.

Once ancillary jurisdiction over a third-party claim has attached, several cases have considered whether or not such jurisdiction continues after the main action has been settled. The weight of authority is the court does not lose jurisdiction over the third-party claim and may continue with it. *See* 3 *Moore's Federal Practice* ¶ 14.26, at 14–113 (1985) and cited cases. In *Dery v. Wyer,* 265 F.2d 804 (2d Cir.1959), the Second Circuit pointed out that:

> "a rule that ancillary jurisdiction of a third-party claim terminates on a determination of the main claim will seriously impair the utility of the Rule, breed confusion and generate many sterile jurisdictional disputes. *Id.* at 809.

It would appear nevertheless that where the main action has been dismissed for lack of jurisdiction, a third-party indemnity claim should also fall unless it can be supported by independent jurisdictional grounds. *Illinois Central Gulf Railroad Co. v. Pargas Inc.,* 706 F.2d 633 (5th Cir. 1983); *Ferreira v. Sawayama-Kisen KK,* 171 F.Supp. 96 (S.D.N.Y.1959).

It is important that while ancillary or pendent jurisdiction exercised in Federal District Courts has been liberally construed to encourage the settlement of disputes in one action to avoid multiplicity and the splitting of causes of action, this Court has primary jurisdiction conferred upon it by 28 U.S.C. § 1583. The same considerations enunciated by numerous Federal Courts supporting liberal exercise of ancillary jurisdiction in Federal District Courts apply with even greater force in this case. Congress conferred primary jurisdiction on this Court in customs bond cases to insure as much as possible that all claims relating to such action be disposed of in one proceeding. Just as with ancillary jurisdiction questions, this Court as a matter of sound judicial administration and to insure consistent results should, in considering § 1583, endeavor to avoid multiplicity of actions. If the Court were to accept third-party defendant's arguments, the result would discourage the proper settlement of cases by sureties with the government. Furthermore, litigants should not be able to divest the Court of jurisdiction by deciding in one case to settle, while in another case to continue jurisdiction merely by not settling. Public policy favors the Court determining whether or not jurisdiction should be exercised.

Plaintiff's motion to sever, redesignate and dismiss is granted. Third-party defendant's motion to dismiss is denied.

SO ORDERED.

## ORDER

Upon reading and filing plaintiff's motion to sever, redesignate and dismiss, and third-party defendant's motion to dismiss, and upon all other papers and proceedings had herein, and upon due deliberation, it is hereby

ORDERED, ADJUDGED and DECREED:

that plaintiff's motion to sever, redesignate, and dismiss is granted; and

that third-party defendant's motion to dismiss is denied.