819 F.2d 289
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Appellee,
v.
PROJECT DEVELOPMENT CORPORATION; The Cain Partnership
Limited; The Pueblo Corporation; and Knox Resorts
Limited, Defendants-Appellees,
v.
Geneva M. Cain ANDERSON; Mary Helen Cain Harkins; and
Jennie B. Cain Corum Miller, Intervening
Defendants-Appellants.
 No. 86-5490.
 United States Court of Appeals, Sixth Circuit.
 May 27, 1987.
 
 Before WELLFORD and NELSON, Circuit Judges, and COHN, District Judge*.
 WELLFORD, Circuit Judge.
 
 
 1
 This case concerns a question of mootness and involves procedural questions about the propriety of denial of motions for leave to amend an answer. The district court imposed sanctions under Rule 11 against appellants' attorneys. We affirm in part and remand to the district court for further proceedings on the Rule 11 issue.
 
 
 2
 This lawsuit began as an action for a declaratory judgment on the validity of a lease. Plaintiff-appellee Federal Deposit Insurance corporation (FDIC) held a deed of trust on a motel leasehold interest as security on a promissory note. The original defendants in this suit were the Cain Partnership, Ltd. (Cain Partnership), a Tennessee limited partnership that was the lessor under the lease; Project Development Corporation (Project Development), the general partner of Cain Partnership; Knox Resorts, Ltd., a Tennessee limited partnership that was the lessee under the lease; and Pueblo Corporation, the general partner of Knox Resorts. Lessor Cain Partnership had asserted that the lease was no longer valid because it had been breached. FDIC filed this action seeking a declaration that the lease was valid and had not been breached.
 
 
 3
 The district court granted FDIC' § request for a preliminary injunction, prohibiting the lessor from terminating the lease or retaking the property. On April 19, 1985 defendants-appellants Geneva Cain Anderson, Helen Harkins and Jenny Cain Corum Miller, the limited partners in Cain Partnership, filed a motion to intervene, simultaneously filing an answer denying that the lease was in full force and effect. Appellants' motion to intervene was granted and appellants filed a motion for leave to amend their answer to add a counterclaim asserting that the lease had been breached and was therefore null and void.
 
 
 4
 During ensuing months, the district court granted three motions for continuance of the trial to allow FDIC to negotiate a settlement with Cain Partnership and Project Development, its general partner. The last continuance set the trial for January 9, 1986. A few days before trial was scheduled, FDIC, Cain Partnership, and Project Development jointly filed a motion to dismiss the action because the lease that was the subject of the suit had been terminated by agreement of the parties to the lease.[1]
 
 
 5
 Appellants strenuously opposed the settlement and dismissal, and, pursuant to the court's instructions, filed a memorandum in opposition to the motion to dismiss. Within a week appellants filed a cross claim against Project Development, which claim alleged that Project Development had conspired with FDIC to deprive appellants of their due process rights in violation of 42 U.S.C. S 1983, and which sought to have the newly negotiated lease between Project Development and FDIC rescinded.
 
 
 6
 FDIC, Project Development, and Cain Partnership moved to dismiss the cross claim and sought awards of attorneys' fees and expenses under Federal Rule of Civil Procedure 11. In a memorandum supporting the motion to dismiss, FDIC noted that the cross claim had not been accompanied by a motion to amend their answer to add the cross claim, as required by Federal Rule of Civil Procedure 15(a). Appellants then filed a motion for leave to amend their answer to add the cross claim.
 
 
 7
 on April 10, 1986 the magistrate[2] entered a memorandum opinion and order disposing of the various motions. He not only denied appellants' motions to amend to add a counterclaim and to add a cross claim, but also granted the joint motion of FDIC and Project Development to dismiss the action, ruling that the case was moot because the lease that was the subject of the declaratory judgment action had been terminated by agreement. Finally, the court awarded attorneys' fees and expenses under Rule 11 against appellants and their counsel for filing the cross claim, which he deemed meritless and frivolous. Appellants now appeal each aspect of the court's order.
 
 
 8
 The first issue is whether the case was moot in light of the settlement and termination of the lease that was the subject matter of the original complaint. We recently discussed the general principles of the mootness doctrine in International Union v. Dana Corp., 697 F.2d 718 (6th Cir. 1983) :
 
 
 9
 Mootness is a jurisditional question. That is, the exercise of judicial power under Article III of the Constitution depends on the existence of a case or controversy. U.S. Const. Art. III Sec. 2. The court may not render an advisory opinion; it is confined to "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character .... " ... "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." ... Jurisdiction, even if once acquired, may abate if interim relief or events resolve all issues in the ligitation.
 
 
 10
 Id. at 720-21 (citations omitted). We also observed: "Generally, the settlement of a dispute between the parties does render the case moot." Id. at 721. The two noted exceptions to that general rule are cases in which one issue has become moot but other issues have not, and cases "capable of repetition, yet evading review." Id.
 
 
 11
 Following these principles, the magistrate properly dismissed this case as being rendered moot. The only issue in this case at the outset was whether the lease in question was valid. The question whether the lease had been breached was a subissue, relevant only to the issue of validity; the only reason breach was involved was because defendants claimed the lease was no longer valid. When the parties terminated the lease, the subject matter of the lawsuit no longer existed. The question of the validity of the lease became completely academic and irrelevant to the real matter of concern to the parties--the value, if any, of FDIC's security interest. Because no "live" issues remained, and because this case is not "capable of repetition, yet evading review," the case was properly dismissed as moot. Accord, Burke v. Barnes, 107 S. Ct. 734, 736 (1987).
 
 
 12
 Appellants argue that the magistrate's ruling of mootness in this case will have an adverse affect on any attempt to sue FDIC in state court for holding over under an invalid lease. No claim against FDIC for improperly maintaining control over the property was presented in this case. Although appellants may have the right to raise such a claim in another court at another time, this did not constitute a "live controversy" before the district court. The ruling of mootness, moreover, was not a ruling on the question of the validity of the lease. In another case, if the issue of the lease's validity is relevant and material, the ruling in this case will not bar that litigation going to the validity of the lease which was terminated by the parties having authority to take such action.
 
 
 13
 The second issue concerns the motion to amend to add a counterclaim. Appellants filed a motion for leave to amend their answer to add a counterclaim, in which appellants sought a declaratory judgment that the lease had been "incurably breached by the lessee and, because thereof, is null and void." The magistrate denied this motion because the proposed counterclaim was redundant; the original complaint sought, in effect, the same relief, a declaratory judgment on the validity of that same lease.
 
 
 14
 The decision to grant or deny leave to amend an answer to add a counterclaim is within the trial court's discretion, Estes%;. Kentucky Utilities Co., 636 F.2d 1131, 1133 (6th Cir. 1980), and the court acted within its discretion in this case. First, because the counterclaim stated issues identical to the issues raised in the complaint, and the complaint was properly dismissed for lack of actual controversy, the counterclaim should also have been dismissed for the same jurisdictional defect. See International Video Corp. v. Ampex Corp., 484 F.2d 634, 637 (9th Cir. 1973) (complaint and counterclaim stated identical issues, both should have been dismissed for lack of actual controversy). See also Aldens, Inc. v. Packet, 524 F.2d 38, 51-52 (3d Cir. 1975) (when complaint and counterclaim raise identical issues the counterclaim is redundant and moot on disposition of the complaint), cert. denied, 425 U.S. 943 (1976). Second, when a counterclaim merely restates the issues as a "mirror image" to the complaint, the counterclaim serves no purpose. See, e.g., John Evans Sons, Inc. v. Majik-Ironers, Inc., 95 F.R.D. 186, 190 (E.D. Pa. 1982) (if a counterclaim merely restates the controversy set forth in the complaint it may be stricken as redundant) (citing 5 Moore's Federal Practice p 41.09 at 41-110).
 
 
 15
 Appellants also challenge the district court's denial of their motion to amend to add a cross claim. Appellants filed a cross claim on February 21, 1986, eight months after they filed their answer. Appellants did not at this point seek leave to amend their answer to add this cross claim, which leave was required by Federal Rule of civil Procedure 15(a). FDIC and Project Development pointed out this error in their motions to strike the cross claim. On March 12, 1986 appellants filed a motion for leave to amend their answer to add the cross claim. The magistrate denied this motion.
 
 
 16
 Under Federal Rule or Civil Procedure 15 (a), a court is to grant leave to amend pleadings freely "when justice so requires," but the determination of whether to grant leave is within the court's discretion. Estes v. Kentucky Utilities Co., 636 F.2d at 1133. In this case the magistrate denied the motion for two reasons. First, the proposed section 1983 claim was "frivolous and [legally] insufficient." Memorandum Opinion and Order at 8-10. Second, the remaining claims were state law claims over which the court chose not to retain jurisdiction. Id. at 10-12 (citing united Mine Workers v. Gibbs, 383 U.S. 715 (1966)).
 
 
 17
 The magistrate did not act improperly on either ground. The section 1983 claim asserted that the FDIC and Project Development conspired to deny appellants of their right to adjudicate the issues in this case by jointly moving for a dismissal of the case. Appellants alleged that this collusive action deprived appellants of their rights to procedural due process and violated 42 U.S.C. Sec. 1983. The magistrate, however, pointed out that under Tennessee law a general partner has the authority and power to bind the limited partnership in matters such as settlements, see Tenn. Code Ann. Sec.Sec. 61-2-109, 612-110, thereby making Project Development the proper party actor. see Memorandum Opinion and order at 9. Also, the FDIC, as a federal agency, is immune from suit. Id. (citing Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)). As a federal agency, moreover, FDIC could not be a state actor acting "under color of state law." See, e.g., Campbell v. Amax Coal Co., 610 F.2d 701, 702 (10th Cir. 1979) (Sec. 1983 does not apply to federal officers acting under color of federal law). Project Development is a private party. The state action or "under color of state law" requirement is therefore absent. Appellants therefore utterly failed to state a claim under section 1983.
 
 
 18
 The remaining counts in the cross claim concerned state law issues involving nondiverse parties. The magistrate declined to accept jurisdiction over these state law matters. See Memorandum opinion and Order at 11. This was within the court's discretion and was especially appropriate in this case because the federal claim had been dismissed prior to trial. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Coleman v. Casey County Bd. of Educ., 686 F.2d 428, 430 (6tn Cir. 1982) (cross claim, which concerned questions of state law, was properly dismissed after federal cause of action was dismissed).
 
 
 19
 The final issue in this case concerns the Rule 11 sanctions. FDIC and Project Development filed a motion pursuant to Rule 11 for fees and expenses incurred in defending the cross claim. The magistrate granted that motion, finding that the attempt to raise a section 1983 claim against the FDIC "can only be regarded as a vexatious and transparent attempt to create a federal claim where none existed in an attempt ... to pursue the purely state law claim against the general partner [Project Development] in this Court." memorandum Opinion and Order at 15. The magistrate did not believe that counsel for appellants made a "reasonable inquiry" of the facts and the law or made the claims "in good faith." Id. The cross claim was not filed until after the motion to dismiss and was not filed properly until after opposing counsel pointed out the procedural deficiency. The magistrate found that the timing and manner in which the claim was filed suggested that the filing was an attempt to avoid dismissal and to pursue the state law claims against Project Development. Id.
 
 Rule 11 provides, in pertinent part:
 
 20
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record. ... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. ... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 21
 Fed. R. Civ. P. 11 (as amended 1983). Rule 11 was amended in 1983 "to reduce the reluctance of courts to impose sanctions." Albright v. Upjohn Co., 788 F.2d 1217, 1221 (6th Cir. 1986) (quoting Advisory Committee Note to Rule 11). "The new language stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances." Id. (citation omitted).
 
 
 22
 According to these principles, Rule 11 sanctions against appellants' attorney were appropriate in this case. Any inquiry would have revealed that a section 1983 claim must be premised on action taken "under color of state law," which requirement obviously could not be met on the facts of this case. The attorneys for appellants thus failed to satisfy Rule 11's affirmative duty to make a "reasonable inquiry" before filing the claim. The facts of this case also suggest, as the magistrate found, that the cross claim was filed for the improper purpose of avoiding dismissal through an "eleventh hour" filing of a meritless federal claim as a vehicle for pursuing state law claims in federal court. in these circumstances, Rule 11 authorizes the court to impose sanctions, including attorney's fees and expenses incurred in defending against the improper pleading. See Fed. R. Civ. P. 11 ("the court ... shall impose ... an appropriate sanction ....). The award of attorneys' fees and expenses incurred in defending against the cross claim was, therefore, proper in this case. The record leaves unclear, however, whether the sanctions should have been imposed solely on appellants' attorney, or whether should have been imposed solely on appellants' attorney, or whether party appellants did anything to justify allocating or assessing any of the sanctions to them. We REMAND to the district court to address this question. In such a hearing, the parties should likely have separate counsel to avoid any conflict of interest.
 
 
 23
 In sum, we AFFIRM the district court's dismissal of the case and denial of appellants' motions to amend. We REMAND the question of the proper allocation of the Rule 11 sanctions.
 
 
 
 *
 The Honorable Avern Cohn, united states District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 At this point the parties to the lease were Cain Partnership, lessor, and FDIC, who had foreclosed on the lessee's interest and now held the lessee's interest
 Appellants assert that no evidence in the record demonstrates that the lease was cancelled. This assertion is incorrect; a certified copy of the Lease Termination, which had been duly recorded, was filed as an exhibit to FDIC' § memorandum in support of the motion to dismiss and appears in the record. See Joint Appendix at 329.
 
 
 [2]
 Pursuant to 28 U.S.C. Sec. 636(c), the parties consented to proceed before a magistrate rather than a district court; Magistrate Robert Murrian entered the opinion and order