## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2011

No. 11-40449

Lyle W. Cayce
Clerk

INTERNATIONAL FIDELITY INSURANCE COMPANY,

Plaintiff–Appellee,

v.

SWEET LITTLE MEXICO CORPORATION,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before CLEMENT, OWEN, and HIGGINSON, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

The district court granted summary judgment in favor of International Fidelity Insurance Co. (IFIC), a surety, against Sweet Little Mexico Corp. (SLM), the principal on a bond pursuant to which IFIC paid United States Customs and Border Protection (Customs) import duties assessed against SLM. SLM appeals asserting that (1) the Court of International Trade (CIT) has exclusive jurisdiction over IFIC's claims, (2) in the alternative, because IFIC initiated proceedings in the CIT prior to filing suit in the district court, the district court should have followed the first-to-file rule and dismissed, transferred, or stayed the case, and (3) until the CIT decides whether SLM owed the duties assessed

No. 11-40449

by Customs and paid by IFIC, fact questions remain as to whether SLM should be required to indemnify IFIC. We affirm.

## I

SLM imported various food products from Mexico into the United States for distribution and sale. IFIC, as surety, issued single entry Customs bonds to SLM, as principal, to secure the payment of Customs duties. Seventy entries containing products made from peanuts are at issue in proceedings currently pending before the CIT. When these products were imported, SLM did not pay duties because it claimed the products were of Mexican origin and eligible for duty-free treatment under the North American Free Trade Agreement (NAFTA). Customs requested SLM to provide NAFTA Certificates of Origin for the seventy peanut entries in order to prove the products came from Mexico. When SLM failed to provide documentation, Customs assessed various duties, fines, and penalties on SLM, which SLM did not pay. Customs made a formal demand on IFIC, as surety, for payment of $1,273,517.34, the duties that Customs asserted were owed on the seventy entries, and IFIC filed a protest. SLM did not file a protest regarding the seventy entries with Customs. IFIC exhausted its protest within Customs, and then paid $1,368,030.94 in full satisfaction of the duties Customs contends were owed as a prerequisite to filing a contest in the CIT of Customs' denial of the protest. IFIC also brought suit in federal district court against SLM seeking indemnification for and reimbursement of the amounts it had paid to Customs.

Subsequently, Customs made an additional demand on IFIC for $1,339,578.82 in liquidated damages pertaining to twenty-seven different claims arising out of bonds issued by IFIC to SLM. Twenty-six of the claims arose out of SLM's failure to redeliver to Customs' custody food products that were refused admission by the Food and Drug Administration; the twenty-seventh arose out of SLM's late filing of an entry summary. IFIC paid $114,268.85 as a

compromise amount in settlement of Customs' claims regarding twenty-four of the twenty-seven entries.  It paid $120,134.37 in full satisfaction of the other three entries.  In total, IFIC has paid $1,602,434.16 to Customs on behalf of SLM with regard to the seventy entries and twenty-seven other claims.

In the district court action, SLM filed a Motion to Dismiss or Abate for improper venue on the basis that IFIC had previously filed a summons with the CIT contesting the denial of NAFTA treatment of the seventy imports.  The district court denied the motion.  Subsequently, IFIC filed its First Amended Complaint to reflect the additional amounts it had paid to Customs with regard to the twenty-seven other entries.  SLM moved to join Customs as a third-party defendant.  The district court granted the motion, and SLM filed a third-party complaint against Customs.  However, Customs moved to dismiss the district court proceeding against it for lack of subject matter jurisdiction.  The district court granted Customs' Motion to Dismiss, concluding that the contested matters between SLM and Customs fell within the exclusive jurisdiction of the CIT.

IFIC moved for summary judgment in the district court against SLM on its common law indemnification and breach of contract claims as well as for attorneys' fees.  The district court granted IFIC's Motion for Summary Judgment.  In a later order, the district court granted IFIC's request for attorneys' fees of $28,690.50.  SLM requested reconsideration of the district court's order and a stay of execution, which the district court denied.

After the district court granted summary judgment but before that judgment was final, the United States initiated an action in the CIT against SLM seeking to impose penalties, contending that SLM, through fraud, gross negligence, or negligence, improperly asserted that the seventy peanut-product

No. 11-40449

entries were exempt from duties under NAFTA.[1]  On SLM's motion, the CIT consolidated IFIC's action against the United States with the United States' penalty action against SLM.

SLM has appealed to this court the summary judgment rendered against it by the district court.  We first consider SLM's assertion that the CIT has exclusive jurisdiction over all of IFIC's claims in the district court.

## II

SLM relies on 28 U.S.C. §§ 1581-1583 in asserting that the CIT has exclusive jurisdiction over all IFIC's claims under the bonds and for indemnification.  Challenges to a district court's jurisdiction are reviewed de novo.[2]

Under § 1581, the CIT has "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930."[3]  The CIT has exclusive jurisdiction under § 1581 over IFIC's contest of the denial of its protest of the duties assessed by Customs on the seventy peanut-containing items imported by SLM.  The pleadings and orders in the proceeding before the CIT confirm this.

The question, then, is whether the CIT also has exclusive jurisdiction under § 1583 of counterclaims, cross-claims, or third-party actions that IFIC could or might have brought against SLM in connection with its contest under § 1581.  The statute at issue provides:

> [The CIT] shall have exclusive jurisdiction to render judgment upon any *counterclaim*, *cross-claim*, or *third-party action* of any party, if (1) such claim or action involves the imported merchandise that is the subject matter of such civil action, or (2) such claim or action is

---

[1]  *See* 19 U.S.C. § 1592.

[2] *United States v. Bredimus*, 352 F.3d 200, 203 (5th Cir. 2003).

[3] 28 U.S.C. § 1581(a).

4

to recover upon a bond or customs duties relating to such merchandise.[4]

While there is little doubt that Congress intended that in many circumstances the CIT would have exclusive jurisdiction over disputes among Customs, a principal on a bond, and the surety,[5] the present case is not within the CIT's exclusive jurisdiction due to the procedural posture of the proceedings before the CIT.

In the action initiated in the CIT by IFIC, the only other party is the United States. IFIC, even were it inclined to do so, could not bring a "counterclaim" or a "cross-claim" against SLM because SLM is not a party to the contest of Customs' denial of IFIC's protest. Nor could IFIC bring a third-party action against SLM in that proceeding. The commonly understood meaning of a third-party action is that it is one brought by a *defendant* against a third party.[6] Technically speaking, the United States is the defendant in the action that IFIC initiated in the CIT. The CIT's rules of procedure provide that a defendant may bring in a third party "who is or may be liable to it for all or part of the claim against it."[7] The United States has not joined SLM as a third-party defendant, so there is no basis on which IFIC could assert a third-party action against SLM under Rule 14(a)(3) of the CIT's rules of procedure,[8] which mirrors

---

[4] *Id*. § 1583 (emphasis added).

[5] *See Aegis Sec. Ins. Co. v. Fleming*, 593 F. Supp. 2d 1346, 1349 (Ct. Int'l Trade 2008); *United States v. Mizrahie*, 606 F. Supp. 703, 707 (Ct. Int'l Trade 1985).

[6] *See generally* FED. R. CIV. P. 14; 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE §§ 1441-1442 (3d ed. 2010).

[7] U.S. CT. INT'L TRADE R. 14(a)(1).

[8] *See id*. R. 14(a)(3) ("Plaintiff's Claims Against a Third-Party Defendant. The plaintiff may assert against the third-party defendant any claim if (1) the claim involves the imported merchandise that is the subject matter of the civil action, or (2) the claim is to recover on a bond or customs duties relating to such merchandise.").

No. 11-40449

Rule 14(a)(3) of the Federal Rules of Civil Procedure.[9]  The CIT's rules of procedure permit a plaintiff to bring in a third party when a claim is asserted against it and if the rules would permit a defendant to do so,[10] which again mirrors the Federal Rules of Civil Procedure.[11]  No claims have been asserted against IFIC in the proceeding it initiated before the CIT.  SLM has cited no authority, even when requested to provide supplemental briefing, that supports its argument that IFIC could have brought its claims against SLM as a third-party action in IFIC's contest of the denial of Customs' protest that is pending in the CIT.  We conclude, based on the express terms of § 1583, that the claims that IFIC has asserted in district court are not within the exclusive jurisdiction of the CIT by virtue of §§ 1581 and 1583.

SLM also relies on § 1582 read in conjunction with § 1583 to attempt to establish exclusive jurisdiction in the CIT.  Section 1582 grants the CIT exclusive jurisdiction over "any civil action which arises out of an import transaction and which is commenced by the United States."  The pending action brought by the United States is a claim against SLM, not IFIC, for fraud, gross negligence, or negligence, pursuant to § 1582(1).[12]  While the action between the

---

[9] *See* FED. R. CIV. P. 14(a)(3).

[10] U.S. CT. INT'L TRADE R 14(b) ("When a Plaintiff May Bring in a Third Party. When a claim is asserted against a plaintiff, the plaintiff may bring in a third party if this rule would allow a defendant to do so.").

[11] *See* FED. R. CIV. P. 14(b).

[12] *See* 28 U.S.C. § 1582(1)-(3).  Section 1582 reads:

The Court of International Trade shall have exclusive jurisdiction of any civil action which arises out of an import transaction and which is commenced by the United States--
(1) to recover a civil penalty under section 592 . . . of the Tariff Act of 1930;
(2) to recover upon a bond relating to the importation of merchandise required by the laws of the United States or by the Secretary of the Treasury; or

United States and SLM invokes the exclusive jurisdiction of the CIT, IFIC is not a party to that action. Because IFIC is not a party to that action before the CIT, IFIC could not bring its claim for indemnity in the penalty action against SLM as a "counterclaim, cross-claim, or third-party action" within the meaning of § 1583 for the reasons similar to those just discussed in connection with the interplay between § 1581 and § 1583.

In sum, although the CIT has exclusive jurisdiction over both actions presently before it regarding, collectively, IFIC, the United States, and SLM, the claims that IFIC has brought against SLM in the district court have not been brought and could not have been brought by IFIC in the CIT as a "counterclaim, cross-claim, or third-party action."[13] SLM has not pointed to any other statutory provisions that give the CIT *exclusive* jurisdiction over IFIC's claims against SLM.

The two actions before the CIT involving, collectively, IFIC, the United States, and SLM have been consolidated by the CIT. However, consolidation "does not merge the suits into a single cause, change the rights of the parties, or make those who are parties in one suit parties in another."[14] SLM cannot rely on the consolidation to assert that IFIC should have brought a third-party claim for indemnification against SLM because consolidation does not change the status of any of the parties. In fact, SLM does not even attempt to make such an argument.

---

(3) to recover customs duties.

[13] 28 U.S.C. § 1583.

[14] *Dorbest Ltd. v. United States*, 547 F. Supp. 2d 1321, 1351 (Ct. Int'l Trade 2008) (internal quotation marks omitted); *Silver Reed America, Inc. v. United States*, 600 F. Supp. 852, 858 (Ct. Int'l Trade 1985); *see also Mckenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)); 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2382 (3d ed. 2008).

No. 11-40449

Despite SLM's acknowledgment of the plain language of the statutes at issue, SLM argues that "the types of actions included support the rationale behind relying on the unique ability of the CIT to adjudicate claims regarding Customs and international trade issues, including those in which a dispute with the government arose." However, the CIT's exclusive jurisdiction is expressly defined, and thus delimited, by statutes.[15] The CIT may have concurrent jurisdiction over IFIC's claim for indemnity against SLM, a matter on which we do not opine, but the CIT's jurisdiction would not be exclusive, given the procedural posture of the claims before the CIT.

SLM relies heavily on *United States v. Mizrahie*,[16] an opinion from the CIT, to support its position regarding exclusive jurisdiction. In *Mizrahie,* the United States commenced an action to collect liquidated damages and penalties from the defendant Mizrahie, who was the principal on the customs bond, and from the bond's surety.[17] The surety, as a party in that action, filed a cross-claim for indemnification from the principal based on its common law rights as a surety.[18] The CIT concluded that the combined jurisdictional grants provided by 28 U.S.C. §§ 1582 and 1583 gave the CIT exclusive jurisdiction over the cross-claim for indemnification.[19] Unlike this case, in *Mizrahie* the proceeding before the CIT was brought by the United States, and the surety and the principal were

---

[15] *See Sioux Honey Ass'n v. Hartford Fire Ins. Co.*, 700 F. Supp. 2d 1330, 1339 & n.4 (Ct. Int'l Trade 2010) (rejecting claims of original jurisdiction under 28 U.S.C. § 1583 because plaintiffs were not bringing a cross-claim, counterclaim, or asserting a third-party action).

[16] 606 F. Supp. 703 (Ct. Int'l Trade 1985).

[17] *Id.* at 704-05.

[18] *Id.* at 706.

[19] *Id.* at 706-07.

defendants. Accordingly, the surety's claim against the principal "f[ell] squarely within section 1583" as a "cross-claim."[20]

In *American Motorists Insurance Co. v. United Furnace Co.*,[21] the Second Circuit concluded that a surety's action against the principal on a customs bond to recover amounts the surety had paid on the principal's behalf was not within the exclusive jurisdiction of the CIT in light of the procedural posture of the case.[22] There were no proceedings before the CIT.[23] The Second Circuit mused that if the United States had brought an action in the CIT against the surety and the principal to recover penalties, "then *Mizrahie* would lend support for [the CIT's] exercising jurisdiction over a cross-claim by [the surety] against [the principal] for indemnification."[24] But that was not the circumstance before the Second Circuit, and that is not the circumstance before us today.

SLM also relies on *United States v. Mecca Export Corp.*[25] to assert that case law and legislative history support exclusive jurisdiction. As in *Mizrahie*, the United States filed a complaint in the CIT against defendant Mecca Export Corp. and against the surety.[26] After the surety tendered payment in full satisfaction of the United States' claims against Mecca and the United States sought extrication from the proceedings, the surety filed a cross-claim against Mecca for indemnification under the surety bond and also brought in third-party

---

[20] *Id.* at 707.

[21] 876 F.2d 293 (2d Cir. 1989).

[22] *Id.* at 297-98.

[23] *Id.* at 298.

[24] *Id.*

[25] 647 F. Supp. 924 (Ct. Int'l Trade 1986).

[26] *Id.* at 925.

No. 11-40449

defendants.[27]  When the third-party defendants moved to dismiss the case for lack of jurisdiction, the CIT held that it had *ancillary* jurisdiction over third-party claims arising out of an international trade issue.[28]  The decision in *Mecca Export* did not address whether the CIT had *exclusive* jurisdiction over the claims and is inapposite to the questions before us.

The district had jurisdiction to adjudicate IFIC's claims against SLM. Exclusive jurisdiction over those claims does not lie in the CIT.

### III

In the alternative, SLM asserts that because IFIC first filed an action against Customs in the CIT, the district court should have dismissed, transferred, or stayed in accordance with the first-to-file rule.  "The first-to-file rule is a discretionary doctrine, . . . the application of which we normally review for abuse of that discretion."[29]  "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."[30] The first-to-file rule is applicable between the CIT and district court because "as a result of the Customs Court Act of 1980, [the CIT] is an Article III court, with the same power as a district court."[31]  The rule does not require the cases to be identical.[32]  Instead, "[t]he crucial inquiry is one of 'substantial overlap.'"[33]

---

[27]  *Id.*

[28]  *Id.* at 926-27.

[29]  *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (internal citation omitted).

[30]  *Id.*

[31]  *Giorgio Foods, Inc. v. United States*, 515 F. Supp. 2d 1313, 1321 (Ct. Int'l Trade 2007) (citing Customs Courts Act of 1980, Pub. L. No. 96-417, 94 Stat. 1727 (1980)).

[32]  *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

[33]  *Id.*

No. 11-40449

The relevant inquiry is whether the district court abused its discretion in concluding that the matters pending in the CIT and the district court do not substantially overlap. In deciding if a substantial overlap exists, this court has looked at factors such as whether "the core issue . . . was the same"[34] or if "much of the proof adduced . . . would likely be identical."[35] In *Save Power Ltd. v. Syntek Finance Corp.*, this court considered if the cases "'overlap[ped] on the substantive issues'"[36] and cited a First Circuit decision stating, "'Where the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute.'"[37] In considering these factors, we "'exercise care to avoid interference with each other's affairs'" as "'[t]he concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'"[38]

Based on the above considerations, the district court did not abuse its discretion in refusing to dismiss or abate IFIC's action until the proceedings in the CIT have concluded. The "core issues" in the two forums are not the same. In IFIC's action in the CIT, the issue is whether Customs properly assessed duties against SLM. In IFIC's district court action, the court was asked to

---

[34] *W. Gulf Maritime Ass'n v. ILA DEEP Sea Local 24, S. Atlantic and Gulf Coast Dist. of the ILA*, 751 F.2d 721, 730 (5th Cir. 1985).

[35] *Mann Mfg., Inc. v. Hortex Inc.*, 439 F.2d 403, 407 (5th Cir. 1971).

[36] *Save Power Ltd.*, 121 F.3d at 951 (quoting *Mann*, 469 F.2d at 408 n.6).

[37] *Id.* (quoting *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)).

[38] *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (quoting *W. Gulf Maritime Ass'n*, 751 F.2d at 728-29).

11

decide if, based on the common law of Texas, IFIC has a right to indemnification for duties paid on SLM's behalf. For reasons that we consider in detail below, IFIC's right to indemnification was not dependent on whether Customs' position that duties were owed as to the seventy peanut-product entries was legally sustainable. For the same reasons, the "proof adduced" would not be identical. In the CIT, the proof would pertain to whether SLM's imports were duty-free under NAFTA. As we will discuss below, such "proof" was not necessary in the district court action. With regard to the twenty-seven other entries that were at issue, there are no proceedings pending before the CIT. IFIC and Customs reached a settlement agreement, IFIC paid the settlement amount for the benefit of SLM, and the proceedings before Customs are now final.

While there is some risk of "duplication" between the proceedings before the CIT regarding the seventy peanut-product entries and the district court action, we cannot say that this risk was so great that the district court abused its discretion in moving forward to adjudicate IFIC's surety rights against SLM without awaiting a decision from the CIT. Overlap would occur if the CIT decides that the duties on the seventy peanut-product entries were wrongfully imposed and sustains IFIC's contest to the denial of its protest. In that event, IFIC would receive a refund of amounts paid on SLM's behalf. SLM argues that such a result leaves open to the possibility of double recovery by IFIC. However, IFIC has agreed that it would "voluntarily refund SLM the amount of the double recovery." We also note that before the district court entered judgment in IFIC's favor, IFIC offered to dismiss the district court proceedings if SLM would post adequate security to ensure that IFIC would be reimbursed if IFIC does not prevail on its contest in the CIT of Customs' denial of its protest. SLM did not post any security, and IFIC did not, therefore, dismiss the district court action.

No. 11-40449

## IV

With regard to the merits of IFIC's claims against SLM, the district court granted summary judgment in favor of IFIC, concluding that SLM was required to pay to IFIC the amounts that IFIC had paid to Customs pursuant to its bond obligations. "This court reviews the district court's grant of summary judgment *de novo*, applying the same standards as the district court."[39] Summary judgment is warranted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[40] This court views all disputed facts in the light most favorable to the non-moving party.[41] The district court applied Texas common law, and we review the district court's determination of state law de novo.[42]

A suretyship involves a contractual agreement between the surety and the principal securing the principal's debt owed to a third party.[43] The district court correctly observed that "[t]here is no dispute that a valid contract existed" or that "the United States made a formal demand on IFIC for payment of SLM's debt." SLM agrees that if Customs was authorized by law to impose the duties on the seventy peanut-product entries, it is "obligated under the bonds to pay to IFIC all correct amounts paid by IFIC to Customs under these bonds." SLM's only argument regarding its obligation to indemnify IFIC is that the duties were not "legally fixed," within the meaning of 19 C.F.R. § 113.62 at the time that

---

[39] *DePree v. Saunders*, 588 F.3d 282, 286 (5th Cir. 2009).

[40] FED. R. CIV. P. 56(a).

[41] *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008).

[42] *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009).

[43] *See, e.g.*, *Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415 (Tex. 1995); *Kendziorski v. Saunders*, 191 S.W.3d 395, 403 (Tex. App.—Austin 2006, no pet.) ("A surety is an individual who has undertaken the obligation of another owed to an obligee.") (citing *Carter Real Estate & Dev., Inc. v. Builder's Serv. Co.*, 718 S.W.2d 828, 830 (Tex. App.—Austin 1986, no writ)).

13

No. 11-40449

IFIC paid the duties, under protest, to Customs.  SLM makes no arguments at all with regard to the amounts IFIC paid to Customs in settlement of the twenty-seven other entries, and therefore, those payments by IFIC are no longer at issue.

SLM's "legally fixed" argument pertaining to the seventy peanut-product entries relies on the language of 19 C.F.R. § 113.62, which provides:

> (a) Agreement to Pay Duties, Taxes, and Charges. (1) If merchandise is imported and released from Customs custody . . . the obligors (principal and surety, jointly and severally) agree to:
>
> > . . .
> > (ii) Pay, as demanded by Customs, all additional duties, taxes, and charges subsequently found due, *legally fixed*, and imposed on any entry secured by this bond.[44]

SLM contends that by virtue of 19 U.S.C. § 1514(a), the Customs decision as to whether the duties are owed is not final and conclusive until there is a judgment in the CIT proceedings.  SLM contends that IFIC was not required to pay under the bonds until there is a final, non-appealable judgment in the CIT proceedings. This argument has two failings.  The first is that the regulation and statute are not dispositive of the contractual rights and obligations between IFIC and SLM. SLM has pointed to no provisions in the bonds that support its position that IFIC was not required to pay Customs when it did, or that SLM is not required to indemnify IFIC unless and until all possible avenues of relief before Customs and the courts have been exhausted.  Customs made demand for payment from IFIC under the bonds.  IFIC paid the amounts demanded.  SLM has not pointed to any provisions in the bonds that require IFIC to appeal or otherwise contest the legitimacy of the demand by Customs.  As surety, IFIC is entitled to reimbursement or indemnification from SLM for the amounts that IFIC has paid to Customs.

---

[44] 19 C.F.R. 113.62 (emphasis added).

No. 11-40449

SLM's argument also fails because under the statutory scheme of which 19 C.F.R. § 113.62 and 19 U.S.C. § 1514(a) are a part, IFIC could not challenge the denial of its protest of the duties unless and until it paid the amounts demanded by Customs.[45] IFIC was required to pay the amounts on SLM's behalf to proceed with the contest. SLM argues that this payment was entirely voluntary on IFIC's part. This is true in one respect. IFIC was not required by the statutory scheme to continue to contest whether the duties were actually applicable. It chose that course of action to protect itself in the event that SLM does not or cannot financially afford to indemnify IFIC. Nevertheless, IFIC's payment of the duties was not voluntary because it was required to make those payments to proceed with a challenge of Customs' imposition of duties.

What SLM has not argued is that the bonds required IFIC to pursue all appeals as a prerequisite to recovery from SLM. To the contrary, SLM concedes that IFIC was not required to pursue a contest in the CIT. If IFIC were to dismiss its action before the CIT, there would be a final determination that the duties were owed, and SLM does not contest that it would, at that point, owe IFIC the amounts it paid to Customs. It is SLM's position that because IFIC undertook to contest the duties, IFIC was not "legally obligated" to pay the duties, even though IFIC was required to pay the duties as a prerequisite to pursuing the challenge. SLM's arguments are circular, but more importantly, they are not based on any *contractual* language. The rights and duties as between SLM and IFIC are governed by the bonds and by common law. Demand was made under the bonds, IFIC honored that demand, and SLM is required to indemnify IFIC for the amounts it paid on SLM's behalf. This result obtains

---

[45] 28 U.S.C. § 2637(a) (providing that "[a] civil action contesting the denial of a protest under section 515 of the Tariff Act of 1930 may be commenced in the Court of International Trade only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced.").

regardless of the outcome of the proceedings before the CIT or whether proceedings before the CIT were initiated or continue to proceed.

\*    \*    \*

For the foregoing reasons, we AFFIRM the district court's judgment.