# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2012

No. 11-20524
Summary Calendar

Lyle W. Cayce
Clerk

TRACETTE D. HOUSE,

Plaintiff - Appellant

v.

INTERLINE BRANDS, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:10-CV-183

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Tracette House, pro se, appeals the district court's summary judgment dismissing her case with prejudice. For the following reasons, the district court's judgment is AFFIRMED.

I.

Tracette House's employment with Interline Brands, Inc. ("Interline"), was terminated on April 14, 2008, after several absences and other violations of the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20524

company's attendance policy.  On May 13, 2008, House filed a charge with the EEOC, alleging sexual harassment, sexual discrimination, and retaliation in connection with her employment at Interline.  After receiving a right-to-sue letter, House filed a complaint in the District Court for the Southern District of Texas on January 20, 2010, naming Interline as the sole defendant, and asserting a violation of her rights under Title VII of the Civil Rights Act of 1964. House's complaint alleges that two Interline employees made inappropriate sexual advances toward her, and that her refusal of those advances precipitated her termination.

On April 28, 2011, Interline moved for summary judgment. The district court granted the motion on June 27, 2011, first construing House's complaint as a claim for quid pro quo sexual harassment, and then holding that the record failed to support a prima facie case.  House appeals.[1]

## II.

"'This court reviews the district court's grant of summary judgment de novo, applying the same standards as the district court.'" *Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 679 (5th Cir. 2011) (quoting *DePree v. Saunders*, 588 F.3d 282, 286 (5th Cir. 2009)).  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  The movant can satisfy this standard, after adequate time for discovery, by showing that an opponent "fails to . . . establish the existence of an element essential to that party's case . . . on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The opponent

---

[1] House challenges the district court's judgment, but does not argue that the court's interpretation of her complaint was incorrect.  Therefore, we will treat House's claim as one for quid pro quo sexual harassment, despite her frequent use of legal terminology relating to various other claims.

must support its opposition to summary judgment by citing to materials in the record. FED. R. CIV. P. 56(c).

The district court based its summary judgment on House's failure to cite any record evidence supporting a prima facie case for quid pro quo sexual harassment and Interline's citations to record evidence negating the same. A prima facie case for Title VII quid pro quo sexual harassment requires five elements: (1) the employee belongs to a protected group; (2) the employee is subjected to unwelcome harassment; (3) the harassment is based on sex; (4) the employee's refusal of the unwelcome harassment causes a tangible job detriment; and (5) there exists some ground to hold the employer liable. *Collins v. Baptist Mem'l Geriatric Ctr.*, 937 F.2d 190, 195-96 (5th Cir. 1991).

In opposing Interline's motion for summary judgment, House relied on the following summary judgment evidence: disciplinary reports and timesheets indicating that she and other Interline employees were frequently absent or tardy; a portion of her job application to Interline; e-mails among Interline employees indicating that House requested forms to file a grievance; her EEOC charge and other documents indicating an EEOC investigation; a portion of Interline's employee handbook; a brief text-message exchange between House and another Interline employee in which the employee inquired whether House was feeling okay following a car accident; forms from a doctor's office indicating that House received certain medical treatments in Spring 2008 because of car accident injuries; letters from Interline to House documenting her violations of the company's attendance policy and her discharge for that reason; and a document from a doctor's office indicating that House suffers from mental illness.

This evidentiary showing, although extensive, has a glaring defect: it is not directed toward the elements of a prima facie case for sexual harassment. Instead, the evidence shows that House was chronically late or absent from

No. 11-20524

work, that she filed a charge with the EEOC before bringing this lawsuit, and that she has medical complications, at least some of which stem from a car accident. House purported to summarize this evidence in a forty-seven point statement of facts attached to her opposition to the motion for summary judgment. Her statement of facts, however, is totally divorced from the facts established in the record and contains no citations to the record. House also created a six-page document that she contends is a bullet point summary of her own deposition. Similar to her statement of facts, however, this summary contains no citations to the deposition transcript, and, when one compares it with the transcript, which Interline furnished, House's summary appears to be a total fabrication.

Interline, on the other hand, presented evidence in the form of affidavits and deposition testimony that House was not sexually harassed at all, that she was discharged for violating Interline's attendance policy, and that she tried to persuade a former co-worker to lie during discovery. House's failure to successfully oppose this evidence, coupled with her inadvertent success in confirming most of it, means that there is "no genuine dispute as to any material fact." FED. R. CIV. P. 56(a). Summary judgment is, therefore, appropriate.

### III.

Summary judgment exists to "dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323-34. In this instance, the district court correctly identified a lack of factual support, and the court's judgment is

AFFIRMED.