**CIRK TEK, LLC, Plaintiff,**

v.

**ONG INVESTMENTS, LC, Defendant.**

**EP–15–CV–290–PRM**

United States District Court, W.D. Texas, El Paso Division.

Signed January 11, 2016

Robert Wayne Pritchard, R. Wayne Pritchard, P.C., El Paso, TX, for Plaintiff.

Mark N. Osborn, Kemp Smith LLP, El Paso, TX, for Defendant.

## ORDER TRANSFERRING CAUSE

PHILIP R. MARTINEZ, UNITED STATES DISTRICT JUDGE

On this day, the Court considered Defendant Ong Investment LC's "Motion to Dismiss, Stay, or Transfer" (ECF No. 3) [hereinafter "Motion"], filed on November 30, 2015; Plaintiff Cirk Tek LLC's "Response in Opposition to Defendant's Motion to Dismiss, Stay, or Transfer" (ECF No. 4) [hereinafter "Response"], filed on December 10, 2015; and Defendant's "Reply in Support of Motion to Dismiss, Stay, or Transfer" (ECF No. 5) [hereinafter "Reply"], filed on December 17, 2015. In its Motion, Defendant requests that the Court "dismiss Plaintiff's declaratory complaint based on the first-to-file rule, or alternatively to stay proceedings, or transfer the action to [the] Court's sister jurisdiction in Utah." Mot. 1. Defendant argues that the United States District Court for the District of Utah does not have personal jurisdiction over the defendants in the Utah action and that venue is proper in the Western District of Texas. Resp. 4–6. After due consideration, the Court is of the opinion that the Motion should be granted, and the above-captioned cause should be transferred to the United States District Court for the District of Utah, for the reasons that follow.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant in the instant action is a plaintiff in a trademark-infringement action filed in the United States District

Court for the District of Utah[1] ("Utah Action"), wherein Defendant alleges that Plaintiff's trademark, MDSOX, infringes upon Defendant's trademark +MD. Mot. Ex. G, at 5; Resp. 1.

Defendant is in the business of developing, manufacturing, distributing, and selling various stocking products using the +MD trademark. Mot. 2. In the Utah Action, Defendant alleges that Plaintiff markets, promotes, and sells a compression sock under the brand name MDSOX, which it alleges is the "infringing product," within the State of Utah. *Id.* Defendant further alleges that Plaintiff operates a website at www.mdsox.com that sells the "infringing product." *Id.*

After allegedly observing the "infringing product," Defendant sent a cease and desist letter to Dr. Joseph Furlong, the original owner and applicant for the trademark MDSOX on March 17, 2015. Mot. 3; Resp. 1. The parties then initiated settlement negotiations but were unsuccessful. Mot. 3. Consequently, Defendant initiated the Utah Action against Dr. Furlong, doing business as MDSOX, and Radworkers, Inc. *ONG Investment v. Joseph B. Furlong, d/b/a MDSOX, Radworkers*, No. 2:15–cv–00368–TC (D. Utah filed May 19, 2015).

Defendant's complaint in the Utah Action "alleges, among other things, that the commercial use of MDSOX in connection with compression stockings is unlawful in view of [Defendant's] trademark rights in the mark +MD." Further,

> [t]he Utah Action includes allegations that Furlong, Radworkers, and John Does 1–5 are engaged in trademark infringement, cyber piracy, and unfair competition in violation of the Lanham Act, unfair competition and deceptive

trade practices in violation of Utah state statute, common law unjust enrichment, and seeks an order cancelling Furlong's trademark registration for MDSOX.

*Id.*

On September 29, 2015, Plaintiff filed the instant declaratory action, seeking "judgment declaring that the mark MDSOX does not infringe the mark +MD and ... that manufacture, marketing, use, offer for sale of socks using the MDSOX mark has not and will not infringe the +MD mark." Compl. 2, Sept. 29, 2015, ECF No. 1.

On September 30, 2015, Dr. Furlong filed a motion to dismiss the Utah Action for lack of personal jurisdiction. Mot. 4; Resp. 2. Defendant then sought and obtained leave of the Utah district court to add Plaintiff as a party to the Utah Action.[2] *Id.*

Defendant "now moves this Court to dismiss the Texas Action on the grounds that the Utah Action is the first-filed action." Mot. 4. "Alternatively, [Defendant] moves this Court to transfer venue of this dispute to the District of Utah or stay these proceedings until matters pending before the United States District Court for the District of Utah involving the identical causes of action and related parties are terminated." *Id.* at 4–5.

Plaintiff argues that the instant action should not be transferred to the District of Utah because "the first court to have proper jurisdiction over this case is this Court"; Plaintiff contends that the Utah district court does not have personal jurisdiction over Dr. Furlong, Radworks, or Plaintiff. Resp. 4.

---

1. *ONG Investment v. Joseph B. Furlong, d/b/a MDSOX, Radworkers*, No. 2:15–cv–00368–TC (D. Utah filed May 19, 2015).

2. Defendant alleges that "[t]he Texas action was the first time [it] understood that [Plaintiff] claimed to be the user of the MDSOX trademark in commerce." Mot. 3–4.

## II. LEGAL STANDARD

■ "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999); *In re Spillman Dev. Grp., Ltd.*, 710 F.3d 299, 307 (5th Cir. 2013). "The 'first to file' rule is grounded in principles of comity and sound judicial administration." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). "The federal courts long have recognized that the principle of comity requires federal district courts— courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *Id.* (internal quotation and citation omitted). "This concern applies where ... related cases have been filed in different districts" and "manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.*

■ "The rule does not require the cases to be identical. Instead, the crucial inquiry is one of substantial overlap." *Int'l Fidelity Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011). "In deciding if a substantial overlap exists, [the Fifth Circuit] has looked at factors such as whether 'the core issue ... was the same' or if 'much of the proof adduced ... would likely be identical.'" *Id.* "Once the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] ... no longer up to the [second-filed court] to resolve the question of whether both should be allowed to proceed." *Cadle*, 174 F.3d at 606.

■ Therefore, "the 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Id.*

■ In sum, "[t]he Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd.*, 121 F.3d at 950.

## III. ANALYSIS

The Court finds that the "first-to-file" rule is applicable in the instant case and, therefore, will transfer the cause to the United States District Court for the District of Utah.

Defendant filed the Utah Action against Dr. Furlong and Radworks Inc. on May, 19, 2015, alleging that their use of the trademark MDSOX infringed on Defendant's trademark +MD. Plaintiff filed the instant action, seeking the Court's declaration that its use of the trademark MDSOX does not infringe upon Defendant's trademark +MD, four months later, on September 29, 2015.

Plaintiff, nevertheless, contends that the instant action was the first-filed action. Plaintiff's argument that the instant action was the first-filed action is twofold. First, Plaintiff argues that the instant action was the first action in which Plaintiff was named as a party. Specifically, Plaintiff contends that "[a]n amended complaint naming Plaintiff, as a Defendant, was not filed in the Utah [A]ction until December 4, 2015, 2 months after [the instant] action was filed on September 29, 2015." Resp. 3–4. Second, Plaintiff argues that "[t]he first court to have proper jurisdiction over this case is this Court." Resp. 4. Plaintiff maintains that "[i]f the Defendant's interpretation of the 'first to file' rule were correct, it would mean that it could have sued anyone in Utah notwithstanding lack of personal jurisdiction in order to secure a favorable

forum and use the 'first to file' rule even against a Court with proper jurisdiction." *Id.*

██ Plaintiff's argument that the instant action was the first-filed action fails, given Fifth Circuit precedent. The Fifth Circuit has held that "[the first-to-file] rule does not ... require that cases be identical." *See Save Power, Ltd.*, 121 F.3d at 950. "[R]egardless of whether ... the suits ... are identical, if they overlap on the substantive issues, the cases would be required to be consolidated in ... the jurisdiction first seized of the *issues*." *Id.* (emphasis added). Therefore, "[t]he fact that [Plaintiff was] not a party to the [Utah Action] does not undermine the appropriateness of transfer in view of the facts of this case." *See id.* "Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action." *Id.* Rather, the crucial inquiry is one of substantial overlap between the Utah Action and the instant action. *See id.* Hence, the fact that Plaintiff was not initially named as a party in the Utah Action is not determinative of the applicability of the first-to-file rule.

██ Plaintiff's additional argument that "the first court to have proper jurisdiction over this case is this Court" is also unavailing. The first-to-file rule does not carry a "jurisdictional requirement." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999) ("While the likelihood of a jurisdictional dispute in the first-filed court may be a factor to consider in applying the rule, resolving the dispute in favor of that court's jurisdiction is never a condi-

tion precedent to applying it."). The Fifth Circuit has held that the first-filed court is the proper court to consider questions of jurisdiction:

> While the jurisdictional certainty of the first-filed court might be a proper factor for a district court to weigh in maximizing judicial economy, [the plaintiff] does not allege that the court below erred in this respect. Nor could it: the district court in this case was the second-filed court, and under Fifth Circuit precedent that balancing act is reserved only for the first-filed court.

*Id.* at 605. Accordingly, the Court concludes that Plaintiff's arguments regarding jurisdiction and venue do not demand the conclusion that it seeks.[3] Given the foregoing discussion, the Court will limit its analysis to the potential overlap between the two suits.[4] *See Cadle Co.*, 174 F.3d at 606 ("The district court correctly refused to act as a 'super appellate court' by entertaining either [the plaintiff's] jurisdiction or the defendant's standing arguments, and properly limited its inquiry to the potential overlap between the two cases."). "By so limiting its analysis, the [Court will] avoid[ ] trenching on the authority of its sister court, one of the very abuses the first-to-file rule is designed to prevent." *Id.*

██ The Court finds that substantial overlap exists between the Utah Action and the instant action. Notably, Defendant alleges that the "proof adduced at trial will be identical" and that "the same witnesses from both parties will appear at trial and the same documents from both parties will be used"—a contention that Plaintiff does not refute in its Response. Mot. 6. Indeed,

---

3. Plaintiff also argues that the proper venue is El Paso, Texas, pursuant to 28 U.S.C. § 1391. Resp. 6.

4. Defendant also requests that "[i]n the event this Court finds that the [instant action] is the first-filed action through a procedural technicality, [Defendant] asserts that the [instant

action] should still be dismissed as an improper anticipatory filing." Mot. 7. Because, the Court has determined that the Utah Action was the first-filed action, the Court will not address Defendant's argument that the instant action was an improper anticipatory filing.

the two actions have the same "core issue"—namely, whether the trademark MDSOX infringes upon Defendant's trademark +MD. The Court agrees with Defendant that the "issues are identical, both being based on an identical federal statute (e.g. 15 U.S.C. § 1114)." *See id.*

## IV. CONCLUSION

Thus, having determined that the issues involved in the Utah Action and the instant action substantially overlap, the Court will transfer the cause to the District Court for the District of Utah "to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *See Cadle Co.*, 174 F.3d at 606.

Accordingly, it is **ORDERED** that Defendant Ong Investments, LC.'s "Motion to Dismiss, Stay, or Transfer" (ECF No. 3), filed on November 30, 2015, in the above-captioned cause is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned cause is **TRANSFERRED** to the **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**.