# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20688
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2017

Lyle W. Cayce
Clerk

GATEWAY MORTGAGE GROUP, L.L.C.,

Plaintiff–Appellant,

v.

LEHMAN BROTHERS HOLDINGS, INCORPORATED,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2123

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Gateway Mortgage Group, L.L.C. ("Gateway") brought this declaratory judgment action against Lehman Brothers Holdings, Inc. ("LBHI") after LBHI sued Gateway in the U.S. Bankruptcy Court for the Southern District of New York. Applying the first-to-file rule, the district court dismissed this action without prejudice. For the reasons stated below, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20688

## I. BACKGROUND

Gateway is an Oklahoma-based mortgage lender. In 2006, pursuant to a loan purchase agreement, Gateway sold a number of mortgages to Lehman Brothers Bank, FSB, which assigned these mortgages to LBHI. LBHI then packaged these mortgages together with mortgages originated by other lenders and sold them to investors, including the Federal National Mortgage Association ("Fannie Mae"). Many of the mortgages sold in this way wound up in foreclosure, precipitating the 2008 financial crisis and subsequent recession. LBHI declared bankruptcy in 2008.

In 2009, LBHI sued Gateway in Texas state court for breach of contract and breach of warranty regarding certain mortgages sold in 2006. The parties settled these claims in 2012. Pursuant to the settlement agreement, LBHI released its claims against Gateway; however, this release did not cover "any potential claims against [Gateway] that may result from Proofs of Claim filed against LBHI by creditors in LBHI's bankruptcy with respect to loans originated by [Gateway]." The parties also agreed that Harris County, Texas would be the "exclusive venue" for any disputes "aris[ing] under" the settlement agreement.

In LBHI's bankruptcy, Fannie Mae filed a proof of claim against LBHI for approximately $19 billion in 2009. LBHI later settled this claim for approximately $2 billion. LBHI in turn sought indemnification from Gateway and other originators of allegedly defective mortgages. In 2016, LBHI initiated an adversary proceeding in the U.S. Bankruptcy Court for the Southern District of New York against Gateway and 150 other mortgage originators. This adversary proceeding has since been severed into over one hundred separate proceedings.

Later in 2016, Gateway filed the instant declaratory judgment action in Texas state court. This action is in response to LBHI's demand for

2

No. 16-20688

indemnification. Gateway seeks a declaration that (1) LBHI's claims are barred by the statute of limitations, (2) the claims are barred by the 2012 settlement agreement, (3) LBHI is not entitled to indemnification under the original loan purchase agreement, and (4) LBHI's recovery on these loans is limited to actual losses. After removing this action to federal court, LBHI moved to dismiss or transfer venue. The district court granted LBHI's motion to dismiss without prejudice based on the first-to-file rule. The district court also noted that discretionary factors weighed in favor of dismissing the declaratory judgment action, *see St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994), and that the forum selection clause in the 2012 settlement agreement did not control. This appeal followed.

## II. DISCUSSION

We limit our discussion to whether the district court erred by dismissing this action pursuant to the first-to-file rule. We review a district court's application of the first-to-file rule for abuse of discretion. *Int'l Fid. Ins. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 677 (5th Cir. 2011). "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "In deciding if a substantial overlap exists, this court has looked at factors such as whether 'the core issue . . . was the same' or if 'much of the proof adduced . . . would likely be identical.'" *Int'l Fid.*, 665 F.3d at 678 (footnotes omitted) (quoting *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of the ILA*, 751 F.2d 721, 730 (5th Cir. 1985); *Mann Mfg., Inc. v. Hortex Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)).

Here, the core issue is the same: LBHI's right to indemnification from Gateway. LBHI's adversary proceeding presents the affirmative case for indemnification, while Gateway's declaratory judgment action asserts

No. 16-20688

defenses. The underlying facts in both cases relate to the mortgages originated by Gateway and sold to LBHI in 2006. Thus, the two cases substantially overlap and the district court did not err in applying the first-to-file rule.

Gateway argues that a compelling circumstance—namely, the existence of a forum selection clause—displaces the first-to-file rule in this case. We have noted that "[i]n the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case." *Mann Mfg.*, 439 F.2d at 407. The existence of a forum selection clause is not a compelling circumstance in this case because Gateway is free to move for a transfer of venue before the bankruptcy court. *Cf. Bank of Am. v. Berringer Harvard Lake Tahoe*, No. 3:13-CV-0585-G, 2013 WL 2627085, at *4 (N.D. Tex. June 12, 2013) (noting that "the issue of whether the forum-selection clause binds the parties does not need to be addressed by the court in the second-filed action"). Gateway does not contend that this procedural path would be prejudicial (apart from generally disparaging "bulk litigation" related to LBHI's bankruptcy). Moreover, as the district court noted, Gateway may return to the Southern District of Texas if its claims are not fully resolved in the Southern District of New York. Accordingly, the district court did not abuse its discretion by dismissing Gateway's declaratory judgment action without prejudice. We express no opinion on whether the forum selection clause is triggered by this dispute.

## III. CONCLUSION

For the foregoing reasons, the district court's dismissal without prejudice is AFFIRMED.

4