KATHLEEN CARDONE, UNITED STATES DISTRICT JUDGE
*629 On this day, the Court considered Defendant Donostia LLC's Motion to Dismiss or Transfer the Case to the Northern District of Illinois ("Motion"). ECF No. 7. For the reasons set forth below, Defendant's Motion is DENIED .
I. BACKGROUND
This case is one of many involving assistant managers employed by the Jimmy John's restaurant chain that are currently pending across the country. Jimmy John's is a sandwich shop brand with over 2,000 stores. Mot. ¶ 3. Beginning in 2014, several Jimmy John's Assistant Store Managers ("ASMs") filed a number of lawsuits against various Jimmy John's entities. Id. ¶¶ 8-11. The defendants in those cases include the corporate Jimmy John's entities responsible for entering into franchise agreements, as well as the franchisees that own and operate stores where the plaintiffs worked. Id. The cases were eventually consolidated into a nationwide collective action under the Fair Labor Standards Act ("FLSA"). Id. ¶ 3; see In re: Jimmy John's Overtime Litig. , No. 1:14-CV-5509 (N.D. Ill. filed July 18, 2014). The plaintiffs in the consolidated action allege that the Jimmy John's corporate entities were their joint employer and that the plaintiffs were misclassified as exempt from the FLSA's overtime requirements. Mot. ¶¶ 14-15. The plaintiffs seek unpaid wages based on that alleged misclassification. Id. ¶ 2.
Plaintiff in this action, Eric Hart, is an opt-in plaintiff in the Illinois collective action. Id. On April 28, 2017, he filed this separate collective action lawsuit against Defendant Donostia LLC. See Compl., ECF No. 1. Defendant is a New Mexico corporation that owns and operates various Jimmy John's franchises, including the one that employed Plaintiff as an ASM. Mot. ¶ 6. In his Collective Action Complaint, Plaintiff alleges that he and other ASMs employed by Defendant's franchises were improperly classified as exempt from overtime wages under the FLSA. See generally Compl. Unlike the Northern District of Illinois litigation, the Jimmy John's corporate entities are not defendants in this case, and Defendant Donostia is not a party to the Illinois litigation. In this case, Plaintiff aims to hold Defendant liable as a direct employer rather than as a joint employer. Id. To that end, Plaintiff seeks to recover unpaid wages for himself and other ASMs employed in Defendant's franchises. Id.
Defendant filed the instant Motion on June 15, 2017. ECF No. 7. In the Motion, Defendant argues that the first-to-file rule applies to this case such that dismissal or transfer to the Northern District of Illinois is required. See generally Mot. Plaintiff filed a Response to Defendant's Motion ("Response") on June 28, 2015, and Defendant filed a Reply to Plaintiff's Response ("Reply") on July 5, 2017. Resp., ECF No. 8; Reply, ECF No. 9. After the instant Motion became ripe to rule on, however, the parties filed a Joint Report of Parties Planning Meeting in which they asked that this case be stayed pursuant to an anti-suit injunction entered by the court in the *630 Northern District of Illinois. Report, ECF No. 11. The injunction enjoined plaintiffs in that case from filing separate suits elsewhere around the country or continuing to pursue suits that were already filed. Id. Consequently, the Court stayed this lawsuit per the parties' request and administratively closed the case. Order, ECF No. 12.
On December 14, 2017, the United States Court of Appeals for the Seventh Circuit reversed the anti-suit injunction. See In re Jimmy John's Overtime Litig. , 877 F.3d 756, 771 (7th Cir. 2017). Plaintiff then filed an unopposed Motion to Reopen Case and Lift Stay on January 17, 2018, which the Court granted on the same day. ECF Nos. 19, 20. The Court now rules on Defendant's Motion.
II. DISCUSSION
A. The first-to-file rule
Under the first-to-file rule, federal courts may decline to hear a case when an earlier-filed case pending in a different federal court raises similar issues. See Cadle Co. v. Whataburger of Alice, Inc. , 174 F.3d 599, 603 (5th Cir. 1999). The rule "is grounded in principles of comity and sound judicial administration." Save Power Ltd. v. Syntek Fin. Corp. , 121 F.3d 947, 950 (5th Cir. 1997). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24 , 751 F.2d 721, 728 (5th Cir. 1985).
To determine whether the rule applies, "[t]he crucial inquiry is one of substantial overlap." Id. The cases need not be exactly the same, and "[c]omplete identity of parties is not required." Save Power , 121 F.3d at 951. Even when two cases substantially overlap, however, courts may exercise their discretion and decline to apply the rule based on "compelling circumstances." Mann Mfg., Inc. v. Hortex, Inc. , 439 F.2d 403, 407 (5th Cir. 1971). The factors guiding the rule's application are ultimately "equitable in nature," and lower courts are left an "ample degree of discretion." Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co. , 342 U.S. 180, 183-84, 72 S.Ct. 219, 96 L.Ed. 200 (1952).
B. Analysis
Taken together, the parties' filings essentially raise two issues: (1) whether this case substantially overlaps with the pending litigation in the Northern District of Illinois ("the NDIL litigation") such that the first-to-file rule is applicable; and (2) whether there are compelling circumstances that counsel against application of the rule. The Court addresses each of these issues in turn.
1. Substantial overlap
Defendant argues that this case substantially overlaps with the NDIL litigation because the issues and parties involved are largely the same. Mot. ¶¶ 25-30. Concerning the parties, Defendant observes that the proposed class in this case is encompassed by the putative plaintiff class in the NDIL litigation. Id. ¶¶ 26-29. Defendant further asserts that "[t]he fact that plaintiffs' counsel did not name the exact same defendants in each action is of no moment." Id. ¶ 28. As to the issues involved, Defendant argues that both cases center on "whether unpaid overtime is owed to ASMs at Jimmy John's brand sandwich stores." Id. ¶ 29. According to Defendant, "[t]he only distinction here is that Plaintiff must make a joint employer showing in [the NDIL litigation] to hold Jimmy John's liable, while in this case [Defendant] was his direct employer." Reply ¶ 15.
*631 Despite the superficial appeal of Defendant's arguments, the Court remains unpersuaded that the two cases substantially overlap. Factors relevant to substantial overlap include whether "the core issue" in each case is the same and whether "much of the proof adduced ... would likely be identical." Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp. , 665 F.3d 671, 678 (5th Cir. 2011) (citation omitted) (alterations in original). Courts also consider the extent to which the cases involve the same parties. See Save Power , 121 F.3d at 950-51. "Where the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." Sweet Little Mexico Corp. , 665 F.3d at 678.
Here, the Court finds that the issues involved in each case are distinguishable. The core issue in this case is whether Defendant is liable for FLSA violations as Plaintiff's direct employer. By comparison, the core issue in the NDIL litigation is whether the Jimmy John's franchisor entities are liable for FLSA violations as Plaintiff's joint employer. As such, the allegations in this case primarily focus on acts taken by Defendant rather than acts taken by the franchisor entities. See BNSF Ry. Co. v. OOCL (USA), Inc. , 667 F.Supp.2d 703, 709 (N.D. Tex. 2009) (concluding that two cases did not substantially overlap where the cases arose from the same events but involved allegations against different parties).
Similarly, while the merits in each turn on whether Plaintiff was misclassified as exempt from overtime pay under the FLSA, the cases differ because the outcome of one is not necessarily dispositive of the other. See Sweet Little Mexico Corp. , 665 F.3d at 678 (finding the core issue in two cases distinguishable where resolution of the second "was not dependent on" the outcome in the first). Under the FLSA, a person must qualify as an employer to be liable for FLSA violations. Donovan v. Grim Hotel Co. , 747 F.2d 966, 971 (5th Cir. 1984). Additionally, an employee can have more than one employer, and each employer is "individually and jointly" liable for any FLSA violations. 29 C.F.R. § 791.2. Consequently, even if Plaintiff prevails in the NDIL litigation, he can also recover from Defendant if Defendant's liability is established. See itation index="17" url="https://cite.case.law/citations/?q=29%20C.F.R.%20%C2%A7%20791.2">id. Likewise, should the franchisor entities not qualify as an employer under the joint-employer doctrine, Plaintiff could nevertheless prevail against Defendant as his direct employer. See itation index="18" url="https://cite.case.law/citations/?q=29%20C.F.R.%20%C2%A7%20791.2">id.
Moreover, in addition to the difference between the issues presented in both cases, the parties involved in each case are different. Although the proposed class of plaintiffs in this case is a subset of the putative class in the NDIL litigation, Defendant has no involvement in the NDIL litigation. Therefore, this case is unlike other FLSA cases involving overlapping classes that are transferred pursuant to the first-to-file rule. In those cases, different plaintiffs seek to hold the same defendant liable for the same alleged violations. See, e.g. , Granado v. Quality Energy Servs., Inc. , No. SA-15-CV-1061-XR, 2016 WL 705228, at *2 (W.D. Tex. Feb. 18, 2016) (transferring FLSA collective action filed by different plaintiff against the same defendant); Benavides v. Home Depot USA, Inc. , Civ. A. No. H-06-0029, 2006 WL 1406722, at *2-3 (S.D. Tex. May 19, 2006) (same). Application of the rule in that context is sound because it is inefficient for two courts to determine one defendant's liability to the same class of plaintiffs based on the same conduct. See Kerotest Mfg , 342 U.S. at 183, 72 S.Ct. 219 *632 ("Why, under the circumstances, should there be two litigations where one will suffice?"). Here, on the other hand, the cases at issue involve the liability of separate defendants. While the Court is mindful that the Fifth Circuit made clear in Save Power that the first-to-file rule may still be applicable even where different defendants are involved in each action, the circumstances in that case were quite different than the circumstances here. See Save Power , 121 F.3d at 951.
There, both cases centered on the same issue and were filed in the same division, but the defendant in the second-filed action was not a party in the first-filed action. Id. at 948-49. In concluding that the defendant's absence from the first-filed action did not "undermine the appropriateness of transfer," the Fifth Circuit cited an earlier decision suggesting that the rule is still applicable "where complete relief was nevertheless available in one forum and the missing parties probably could be made parties to the action in that forum." Id. at 951 (citing W. Gulf , 751 F.2d at 731 n.5 ). Given that both suits in Save Power were filed in the same division, it was clear that complete relief was available in one forum and that the absent defendant could be made a party in the first-filed action. See ids="301517" index="27" url="https://cite.case.law/f2d/751/721/#p728">id. In contrast, whether Defendant-a New Mexico corporation that operates in New Mexico and Texas-can be made a party to the NDIL litigation is far from clear given jurisdictional and venue issues. Although resolving a potential jurisdictional issue is not a condition precedent to applying the rule, it is among the factors courts may consider. See Cadle Co. , 174 F.3d at 605. Therefore, Save Power is not dispositive.
Further, in light of the differences between the issues and parties, overlap between the cases is "less than complete." Sweet Little Mexico Corp. , 665 F.3d at 678. In the absence of complete overlap, "the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." Id. In addition to the differences described above, the NDIL litigation includes claims based on Illinois state law that are not at issue in this case. Resp. 2-3. The NDIL litigation also includes various franchisor entities and franchisee defendants that are not named in this case. Id. Given those differences, the likelihood of conflict is minimal, and to the extent a conflicting ruling could arise, issue preclusion is an appropriate method to address that concern. See In re Jimmy John's Overtime Litig. , 877 F.3d at 766 (discussing the risk of conflicting rulings). Finally, the facts giving rise to the claim took place in El Paso, Texas where Plaintiff worked. See generally Compl. The relevant evidence and witnesses are presumably located here or in nearby New Mexico where Defendant is located. By comparison, other than Plaintiff's participation in the NDIL litigation as an opt-in plaintiff, this case has no connection to the Northern District of Illinois. Therefore, the comparative advantage and interest in this forum's resolving Plaintiff's dispute against Defendant is clear. See Buckalew v. Celanese, Ltd. , No. Civ. A. G-05-315, 2005 WL 2266619, at *3 (S.D. Tex. Sept. 16, 2005) (analyzing each case's connection to the underlying facts and likely evidence in applying the first-to-file rule).
Accordingly, the Court finds that this case does not overlap sufficiently with the NDIL litigation such that the first-to-file rule is applicable. While the cases are certainly related, there are significant differences between them as to the issues and parties involved. Moreover, at bottom, applying the rule to this case would not align with the rule's underlying policies, *633 which ultimately relate to efficiency and conservation of judicial resources. See W. Gulf , 751 F.2d at 728. When the Supreme Court first articulated the rule in Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co. , it cautioned against a "rigid mechanical solution" in serving those policies. 342 U.S. at 183, 72 S.Ct. 219. More importantly, the Court explained that the rule may be inapplicable where a party cannot be joined as a defendant in the first-filed action. Id. at 186, 72 S.Ct. 219. Because jurisdictional and venue questions likely render it impossible to join Defendant in the NDIL litigation, the cases cannot be resolved in a single forum. Therefore, this is simply not the type of duplicative litigation that the rule is designed to eliminate. See ids="641386" index="39" url="https://cite.case.law/us/342/180/#p183">id. In reaching that conclusion, the Court is in good company. Indeed, the Seventh Circuit expressly held in the related NDIL litigation that "the franchisee suits are not duplicative" when it reversed the lower court's anti-suit injunction. See In re Jimmy John's Overtime Litig. , 877 F.3d at 765-66.
2. Compelling circumstances
Nevertheless, even if there were substantial overlap between the two cases, the Court would not apply the first-to-file rule in this case. While Plaintiff does not directly assert that compelling circumstances render the rule inapplicable, he relies on factors relevant to transferring a case under 28 U.S.C. § 1404(a) for improper venue to argue that the instant Motion should be denied. Resp. 4-6. Specifically, he contends that, on balance, the § 1404(a) convenience factors weigh against transfer. See Resp 6. In its Reply, Defendant argues that the convenience factors are "entirely beside the point" and that "the Fifth Circuit analyzes transfer pursuant to the first-to-file rule separately from transfer pursuant to Section 1404(a)." Reply ¶ 8. Defendant further asserts that Plaintiff's arguments concerning the convenience factors are unsupported. Id. ¶ 9.
The Court disagrees with Defendant that the § 1404(a) factors are "entirely beside the point." Courts may exercise their discretion and decline application of the rule in light of "compelling circumstances." Mann Mfg. , 439 F.2d at 407 ; see Kerotest Mfg. , 342 U.S. at 183-84, 72 S.Ct. 219 ("[A]n ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts."). As to what precisely constitutes compelling circumstances, the Fifth Circuit has so far been silent.[1] Be that as it may, the Fifth Circuit endorsed use of the convenience factors in Mission Insurance Co. v. Puritan Fashions Corp. , 706 F.2d 599 (5th Cir. 1983), where it affirmed the lower court's dismissal of a first-filed case in favor of the second-filed case based on the convenience factors. Id. at 602-03. Moreover, the Second Circuit recognizes an exception to the first-to-file rule when the balance of convenience factors favors the second-filed case. See New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc. , 599 F.3d 102, 112 (2d Cir. 2010). Accordingly, the Court considers the§ 1404(a) convenience factors when deciding whether to apply the first-to-file rule.[2]
*634 The convenience factors are divided into private interest factors and public interest factors. In re Volkswagen of Am., Inc. , 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. Id. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws. Id. Applying these factors to the instant case, the Court finds that convenience favors this forum over the Northern District of Illinois.
Concerning the private interest factors, none weigh in favor of transfer. Even assuming the Court ultimately certifies Plaintiff's collective action, the parties involved in this case will include only the ASMs who worked in Defendant's stores, which are located in Texas and New Mexico. Mot. ¶ 6. Consequently, all the events giving rise to this suit occurred in Texas and New Mexico. As a result, access to sources of proof is more straightforward here, and the cost of attendance will be less. See Bascom v. Maxim Integrated Prod., Inc. , 534 F.Supp.2d 700, 704 (W.D. Tex. 2008). Additionally, this Court can likely issue compulsory process as to any third-party witnesses located in Texas. See Fed. R. Civ. P. 45(c). Although Defendant's principle place of business is located in Las Cruces, its distance from the courthouse is less than fifty miles and well within the geographic range of compulsory process provided by Rule 45 for out-of-state third-party witnesses. Id. In any case, because the relevant events occurred in Texas and New Mexico, it is virtually certain that the range of compulsory process in the Northern District of Illinois is insufficient. See Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc. , 982 F.Supp.2d 714, 726 (W.D. Tex. 2013) (concluding that the availability of compulsory process did not weigh in favor of transfer where it was inevitable that witnesses would have to travel more than 100 miles). Finally, regarding practical problems, courts usually consider concerns relating to judicial economy and overlap. See Adaptix, Inc. v. HTC Corp. , 937 F.Supp.2d 867, 876 (E.D. Tex. 2013). Those concerns have already been addressed above.
Similarly, none of the public interest factors weigh in favor of transfer. Although court congestion is considered the "most speculative" factor, ids="3905576" index="56" url="https://cite.case.law/f-supp-2d/937/867/#p876">id. , statistics from the Administrative Office of U.S. Courts suggest that civil cases progress more quickly in the Western District of Texas then in the Northern District of Illinois. See Federal Court Management Statistics , Administrative Office of U.S. Courts (Dec. 2017), http://www.uscourts.gov/statistics-reports/analysis-reports/federal-court-management-statistics. Moreover, because this case involves events that occurred in Texas, there are localized interests at stake that should be decided in this forum. While there are non-local interests involved as well in that Defendant is from New Mexico and members of the proposed class may reside there, those interests do not necessarily defeat *635 this forum's interest in adjudicating the case. At any rate, there is no apparent connection to the Northern District of Illinois. See In re Volkswagen of Am., Inc. , 545 F.3d at 317-18 (finding that the local interest was greater where the relevant events occurred and witnesses were located). Furthermore, the applicable law is federal law under the FLSA. Therefore, problems concerning unfamiliar law or conflict of law will not arise. See Zurich Am. Ins. Co. , 982 F.Supp.2d at 728.
Accordingly, the Court concludes that compelling circumstances exist such that the case should not be dismissed or transferred pursuant to the first-to-file rule. Based on the facts provided in the Complaint and instant Motion, the convenience factors from § 1404(a) clearly favor adjudication of this case in the Western District of Texas rather than the Northern District of Illinois.
III. CONCLUSION
For the foregoing reasons, Defendant's Motion to Dismiss or Transfer the Case to the Northern District of Illinois is DENIED .
SO ORDERED.

Lower courts have found compelling circumstances when "a party engage[s] in bad faith conduct, by inducing an opposing party to delay filing of a lawsuit, so that he could file a preemptive lawsuit." Sirius Compu. Sols., Inc. v. Sparks , 138 F.Supp.3d 821, 827 (W.D. Tex. 2015).

The Court recognizes that the convenience factors bleed into the substantial-overlap analysis. As discussed above, when overlap is "less than complete," courts consider the "comparative advantage and the interest in each forum deciding the dispute." See Sweet Little Mexico Corp. , 665 F.3d at 678. In doing so, courts have applied several of the convenience factors without expressly labeling them as such. See, e.g. , Buckalew , 2005 WL 2266619, at *3 ; Amalgamated Gadget, L.P. v. Healthsouth Corp. , No. 4:04-CV-198-A, 2004 WL 1283949, at *2 (N.D. Tex. June 9, 2004). Nevertheless, because the convenience factors are unrelated to the overlap between cases, the Court considers them separately.