# United States Court of Appeals for the Federal Circuit

---

**IN RE:  NITRO FLUIDS L.L.C.,**

*Petitioner*

---

2020-142

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00125-ADA, Judge Alan D. Albright.

---

## ON PETITION

---

J. DAVID CABELLO, Cabello Hall Zinda PLLC, Houston, TX, for petitioner.  Also represented by JAMES H. HALL, MARILYN HUSTON, STEPHEN D. ZINDA.

JOHN R. KEVILLE, Winston & Strawn, Houston, TX, for respondent Cameron International Corporation.  Also represented by WILLIAM LOGAN, MERRITT D. WESTCOTT; RICHARD L. STANLEY, Law Office of Richard L. Stanley, Houston, TX.

---

Before REYNA, WALLACH, and CHEN, *Circuit Judges*.

REYNA, *Circuit Judge*.

## **O R D E R**

Nitro Fluids, L.L.C. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to dismiss this action or transfer it to the United States District Court for the Southern District of Texas, Houston Division. Cameron International Corporation opposes the petition. Nitro replies.

## I.

In 2018, Cameron filed suit against Nitro in the Southern District of Texas, where both parties are headquartered. Cameron alleged that Nitro's fracturing-fluid delivery systems infringed three of Cameron's patents. That court has not issued a claim construction ruling and a trial date has not yet been set. In February 2020, Cameron filed the instant suit against Nitro in the Western District of Texas, alleging that the same accused products infringe two of Cameron's other related patents.[1] Nitro moved the Western District of Texas to decline jurisdiction or transfer the action, relying primarily on the first-to-file rule, which generally dictates that "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially

---

[1]    Specifically, one of the asserted patents in the Western District of Texas action—U.S. Patent No. 10,385,645—is part of the same family of patents as two of the patents asserted in the Southern District of Texas action and invented by the same person, and the second patent—U.S. Patent No. 9,915,132—was invented by the same person who co-invented the third patent asserted by Cameron in the Southern District of Texas action. We note that after Cameron filed this second action, Nitro moved the Southern District of Texas for leave to add declaratory judgment claims of noninfringement and invalidity of the two patents asserted in this case, and the Southern District of Texas recently granted that motion.

similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

The district court rejected application of the first-to-file rule, though not on the ground that the two cases lacked substantial overlap. Relying on Fifth Circuit precedent, the court found that even where, as here, there was such overlap, it still needed to determine whether there were "sufficiently [']compelling circumstances['] to avoid the rule's application." Appx4 (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)). Relying on *New York Marine & General Insurance Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 112 (2d Cir. 2010), and *Hart v. Donostia LLC*, 290 F. Supp. 3d 627, 633 (W.D. Tex. 2018), the court concluded that it was appropriate to utilize a balance of the traditional transfer factors to make that determination. Appx5. And it reasoned that when a balance of the 28 U.S.C. § 1404(a) transfer factors "does not weigh in favor of transfer[,] . . . compelling circumstances exist in order to avoid application of the first-to-file rule." Appx5.

The court then applied that standard to deny Nitro's motion. In so ruling, it concluded that two of the factors—the relative ease of access to sources of proof and the local interest in having localized interests decided at home—both favored transfer. Appx12-13, 20. The court found that the administrative difficulties flowing from court congestion weighed against transfer based on its ability "to hear this case more quickly." Appx20. The court also found that the practical problems factor weighed "heavily against transfer," noting that Cameron had filed a co-pending suit against another defendant involving the same patents that could lead to inconsistent claim constructions and again emphasizing its ability to more quickly schedule a trial. Appx17–18. After reviewing the factors, the district court concluded that "Nitro has not demonstrated that a balance of the convenience factors favors transfer." Appx21–22. Accordingly, the district court denied Nitro's motions. Nitro then filed this mandamus petition.

## II.

This court generally reviews a district court's decision to deny transfer for an abuse of discretion. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). Errors of judgment in weighing relevant factors are also a ground for finding an abuse of discretion. *See TS Tech*, 551 F.3d at 1320. We may grant mandamus when the denial of transfer was a clear abuse of discretion under governing legal standards. *See In re Genentech Inc.*, 566 F.3d 1338, 1348 (Fed. Cir. 2009); *TS Tech*, 551 F.3d at 1318–19.

## A.

We proceed from the district court's premise that transfer pursuant to the first-to-file rule would be proper in this case absent the existence of compelling circumstances. We further accept that a balance of the transfer factors can support such an exception.[2] The mandamus petition thus turns on the correctness of the district court's conclusion that consideration of those factors here established compelling circumstances. That determination rested on the legal proposition that the first-to-file rule is only applicable when the balance of factors favors the first-filed court. *See* Appx5 ("If a balance of factors does not weigh in favor of transfer, then the Court will conclude that compelling circumstances exist in order to avoid application of the first-to-file rule."); Appx10 ("If the Court cannot find that a

---

[2]    We also accept the district court's premise that Fifth Circuit law governs these matters, noting though that we see no reason why the outcome here would be different under Federal Circuit or Fifth Circuit law.

balance of factors favors transfer, then the Court will conclude that sufficiently compelling circumstances exist.").

That proposition is contrary to law. Indeed, the very cases relied on by the district court make clear that it had matters backwards: Unless the balance of transfer factors favors keeping the case in the second-filed court, there are no compelling circumstances to justify such an exception. In *New York Marine*, the Second Circuit held that a "special circumstances" exception to the first-to-file rule can be based on an assessment of the factors, but only when "'the balance of convenience favors the second-filed action.'" 599 F.3d at 112 (quoting *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008)). Similarly, the court in *Hart* found an exception to the rule expressly on the ground that the "convenience favors this forum." 290 F. Supp. 3d at 634.

Decisions from both within and outside the Fifth Circuit are to a similar effect in placing the burden on the party that is seeking to establish a compelling circumstances exception to the rule. *See, e.g., Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (requiring "that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception"); *JumpSport, Inc. v. Springfree L.P.*, No. 6:13-cv-929-JDL, 2014 WL 12600835, at *2 (E.D. Tex. Nov. 17, 2014); *Mobility Elecs., Inc. v. Am. Power Conversion Corp.*, No. 5:07CV83, 2007 WL 9724768, at *3 (E.D. Tex. Oct. 10, 2007) ("[T]he burden is on [the filer of the second-filed suit] to show that compelling reasons exist to avoid the application of the first-to-file rule."); *Datamize, Inc. v. Fid. Brokerage Servs., LLC*, No. 2:03-CV-321-DF, 2004 WL 1683171, at *7 (E.D. Tex. Apr. 22, 2004).

There are good reasons for making these adjustments from an ordinary § 1404(a) calculus. In a usual transfer analysis, requiring the movant to demonstrate that the balance of factors favors transfer serves to give deference to

the plaintiff's choice of forum. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). All else being equal, that choice in forum should be respected. The same deference, however, is not owed when a party is insisting on having two substantially overlapping proceedings continue at the same time before two different courts. Moreover, unlike in an ordinary transfer analysis, the focus of the first-to-file rule is to avoid potential interference in the affairs of another court. Requiring that the balance of the transfer factors favor the second-filed court helps to ensure that more compelling concerns exist. The district court here clearly erred in not making that adjustment.

## B.

That error concerning the legal standard for assessing whether transfer is required under the first-to-file rule warrants mandamus relief to compel further proceedings here. The district court did not expressly resolve the critical issue of whether a balance of the factors favors the second-filed court. Nor can we say that the court implicitly reached that determination. The court found that two factors (the sources of proof and local interest factors) favored transfer and that most factors, including the witness-related factors, were neutral. Although it found that two factors (the court congestion and practical problems factors) favored retaining the case, it did so without indicating that those factors were important enough to warrant, on balance, favoring the Western District of Texas.

Further confirming the need for additional proceedings are clear errors in the district court's assessment of the two factors the court concluded weighed against transfer here. Regarding the court congestion factor, the court reasoned that the Southern District of Texas action "has been pending for almost two years with barely any progress," that "the particular court in the SDTX takes on average three years to issue claim construction," and that the Western District of Texas "will be able to hear this case more quickly

than the SDTX" because "this Court has a patent-specific Order Governing Proceedings that is faster than the SDTX." Appx19–20. That reasoning, however, does not focus on whether there is "an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, No. 2020-126, 2020 WL 4308164, at *3 (Fed. Cir. July 28, 2020). Indeed, the court's discussion concerning Cameron's multiple efforts to amend its complaint and also the proceedings being stayed pending potential review of the asserted patents by the Patent Office at least suggest that any potential difference between the two courts in being able to schedule a trial would not actually be related to whether such an appreciable difference existed.

The district court also erred in its analysis of judicial economy under the practical problems factor. Because the first-to-file rule places a premium on the importance of allowing one court to resolve substantially overlapping cases, the court was wrong to replace that preference with its own views on the importance of speed of resolution. The explanation given was that "[t]he Court will not be performing duplicative work because the SDTX has not made significant progress in the Houston case," while "this Court has a patent-specific Order Governing Proceedings that is faster than the SDTX." Appx17–18. But there is no reason to think that even if the second-filed court could more quickly resolve this case than the first-to-file court that would alleviate the need for two courts to resolve the overlapping issues.

The district court may be on stronger footing in concluding that judicial economy might favor keeping the case given that Cameron has a pending action against another defendant involving the same patents asserted here and that there are differences between this case and the Southern District of Texas case. But the district court's explanation in these respects is cursory. It consists of two sentences, neither of which meaningfully discuss those similarities and differences. The district court merely says

that keeping the case "will avoid possibly conflicting claim constructions" between Cameron's co-pending actions. Appx18. It did not consider the availability of multi-district procedures. *See In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012) ("Common pretrial issues of claim construction and patent invalidity may also be adjudicated together through the multidistrict litigation procedures of 28 U.S.C. § 1407."). Nor did it consider whether the aim of the first-to-file rule would be impermissibly thwarted under such a result. *Cf. In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017) ("To hold otherwise, we would be effectively inoculating a plaintiff against convenience transfer under § 1404(a) simply because it filed related suits against multiple defendants in the transferor district."). Moreover, the differences between this case and the Southern District of Texas case appear to have narrowed since the petition was filed. The court should now consider these issues in its renewed analysis.

Accordingly,

IT IS ORDERED THAT:

The petition is granted to the extent that the district court's June 16, 2020 order is vacated, and the district court is directed to conduct further proceedings consistent with this order.

FOR THE COURT

October 28, 2020          /s/ Peter R. Marksteiner
      Date                Peter R. Marksteiner
                          Clerk of Court